■ In the Matter of NEW YORK AND NEW JERSEY FREIGHTWAYS, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 16, 1976, and adhered to by decision filed October 13, 1976, which affirmed an initial determination of the Industrial Commissioner assessing the employer $11,564.11 in additional unemployment insurance contributions due for the period January 1, 1972 through December 31, 1974. The alleged employer operates a delivery service for various manufacturers in the New York City metropolitan area. It picks up merchandise which is delivered to its terminals by drivers who are concededly its own employees, using company vehicles. Deliveries from the terminal are made by various owner-drivers who work under signed contracts whereby they have agreed to make deliveries as needed along certain specified routes. The assessment at issue herein is based on the earnings of these owner-drivers. Appellant, the employer herein, contends that the owner-drivers are independent contractors. In support of this position, evidence was offered at a hearing tending to show that the drivers pay all their operating costs, hire substitute drivers as they wish, can conduct any other business so long as they meet their contractual obligations to the employer, that they can replace their vehicles or take vacations without prior approval, that they are paid on a commission basis, and that generally there is no control over the manner in which the work is performed. It is worthy of note, that uncontradicted evidence was introduced tending to show that in some instances one or more corporations or other nonindividual entities provide two or more trucks and drivers to the employer. Of course, corporations can not be employees and subject to the Unemployment Insurance Law. In the board's

findings, no distinctions have been made between drivers furnished by these contractors and the individual owner-drivers, and it is not at all clear to us from the record that the assessment did not include the earnings of the drivers furnished by such businesses. Because of the result we reach, as hereinafter discussed, these factors can be more elaborately dealt with by the board upon remittal. We are of the view that the decision must be reversed because certain factual findings upon which the board based its decision are not supported by substantial evidence. For example, the board found that an owner-driver could conduct his own business only after servicing all of the employer's customers. There is no evidence in the record in support of such a finding. The board also found that a driver could not replace his vehicle or use substitute drivers without prior approval. This too is without evidentiary foundation. Further, the board found that the employer "enjoys exclusive control" of the vehicles and that the employer could terminate the contract upon violation of a work rule. The former finding, in our view, gives greater weight to form than to substance, and the latter is of no legal significance in distinguishing between an independent contractor relationship and an employer-employee relationship. While it is true that the employer's name was required to appear upon all trucks, it is not denied that this is a requirement imposed by regulatory authorities rather than by the employer. In our view, it was improper for the board, upon the rather scanty evidence presented, to make a blanket finding covering all owner-drivers. Upon rehearing the record should be further developed as to the extent to which particular owner-drivers actually do engage themselves in the business of making deliveries for appellant as well as other such concerns. The extent of such other business, as well as the extent to which particular owner-drivers employ substitutes is most significant. In making new findings, the board should distinguish between owner-drivers who *actually* are independent contractors, and those who are contractors in form only. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.