■ In the Matter of the Claim of JAMES P. Ross et al., Respondents. MAJESTIC MESSENGER SERVICE, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1984, which ruled that claimants were entitled to receive benefits.

Decision affirmed, without costs. No opinion. Main, J. P., Casey and Yesawich, Jr., JJ., concur.

Mikoll and Harvey, JJ., dissent and vote to reverse in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent. This is another in a long line of delivery services cases. The Unemployment Insurance Appeal Board found that an employer-employee relationship existed between claimants and Majestic Messenger Service, Inc. (Majestic). The facts found to be supportive of the decision are as follows. Majestic advertised for drivers and had an independent contractor agreement executed with the drivers. Majestic gave delivery assignments to claimants and other drivers and split the revenue with the drivers. Each driver supplied his own vehicle and bore all expenses of its maintenance. Claimants were required to call the Majestic dispatcher to find out what work was available. Claimants could turn down assignments but rarely did so. There were no deductions taken out of claimants' pay. They were required to check with dispatcher for any additional pickups or deliveries on their route. Claimants could perform similar services for other delivery services during the time they were delivering for Majestic.

As to the enunciated facts relied on, only two may possibly be indicative of control: the requirements to call the dispatcher and to check with him during the day. Contrary to the findings that claimants were required to call the dispatcher, the record shows that they called the dispatcher at their option at varying times or not at all. They were not obliged to call but, of course, if they wished to work and profit, the dispatcher was the only source of information as to

available delivery work. Claimants' calls to the dispatcher under these circumstances do not evince any control by Majestic. Claimants had no schedule or specific route to follow and no directions were given to them as to method or route of delivery. They could refuse assignments.

Claimants carried their own business cards, holding themselves out to the public as self-employed messenger service drivers, and operated under assumed business names. Majestic did not restrict deliveries for other companies while a driver was making deliveries for it. Claimants bore no demarcations on their vehicles although Majestic's permits from the State and Interstate Commerce Commission required it. A driver could substitute another for himself without Majestic's permission.

This record fails to disclose any control of claimants by Majestic and is in keeping with our decision in *Matter of Fox (Whalen—Roberts)* (119 AD2d 868 [decided herewith]; *see also, Matter of New York & N. J. Freightways [Ross]*, 55 AD2d 989). The decision should therefore be reversed and the matter remitted to the Board for further proceedings no inconsistent herewith.