In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by ANTHONY SCATOLA, Claimant.

BRONX HOME NEWS PUBLISHING COMPANY, Employer, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, July 11, 1939.

*Ernest P. Seelman*, for the appellant.

*John J. Bennett, Jr.*, Attorney-General [*Henry Epstein*, Solicitor-General, *W. Gerard Ryan* and *Francis R. Curran*, Assistant Attorneys-General, of counsel], for the respondent.

HILL, P. J. The corporation which publishes *The Home News* in Bronx county, appeals from a determination made by the Board

of Appeals of the State Unemployment Insurance Department that for several years prior to November 21, 1937, Anthony Scatola had been an employee of the corporation within the purview of the Labor Law, rather than an independent contractor, as asserted by the publishing company. Scatola secured the position of route carrier by applying to an inspector at one of the publisher's distributing stations, who assigned him to a route upon which papers were to be delivered to about one hundred and twenty-five regular subscribers whose names and addresses were furnished. At the beginning, respondent made a deposit of four dollars, and each Friday or Saturday thereafter paid appellant's inspector a stipulated sum for the papers distributed on the route during the previous week. He also received additional copies to be delivered to prospective subscribers. He collected twelve cents a week from each subscriber. The difference between that and the amount he paid was his compensation. His weekly payments were adjusted and changed each three months. If he obtained a new subscriber, he retained the entire twelve cents each week until the readjustment of his weekly payment at the end of the current period. If a new subscriber was obtained through the efforts of another, he received seven cents. Appellant says that if a subscriber was lost or failed to pay, a deduction was not allowed until the readjustment. The publisher could terminate the employment at any time, but it was usual to give two weeks' notice. If a carrier was sick or desired to be relieved for a time, he could suggest a substitute who might or might not be accepted by the inspector. The carriers were required to be at the distributing station at a fixed hour and were expected to devote substantially three hours daily to the work. A report was made daily to the inspector and the list of subscribers turned in. The carrier covered a prescribed route delivering appellant's publication and no other, to persons who had contracted therefor. The extra copies could not be sold to chance purchasers met upon the street. They were to be used in circularizing prospects whose subscriptions, if obtained, would benefit the publisher and, it is true, the carrier, until he gave up the route or his employment was terminated by the publisher. The relation between this carrier and publisher differs from that of a newsboy who purchases papers and sells them on the street corner through crying his wares. While this carrier paid the appellant's inspector for the papers which he had delivered, his ownership was qualified, as they could be used only in fulfilling the publisher's contract with its subscribers and in furthering the effort of the publisher to obtain new subscribers. In determining whether a person is an independent con-

tractor or an employee, the authorities deem the right to " hire " and " fire " of great importance.

The facts proven justify the finding made by the Board of Appeals that claimant was an employee within the meaning of the Unemployment Insurance Law (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60; *Matter of Fancher* v. *Boston Excelsior Co.*, 235 id. 272; *Singer Mfg. Co.* v. *Rahn*, 132 U. S. 518) and entitled to be credited with his earnings with appellant during his base year.

The decision should be affirmed.

CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Decision affirmed, with costs to the Industrial Commissioner.