In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by CHARLES ECKLER, EDWARD BLETZER, TERRANCE McHUGH and FRANK WOLFF, JR., Claimants.

GANNETT CO., INC. (ROCHESTER DEMOCRAT & CHRONICLE), Appellant; FRIEDA S. MILLER, Industrial Commissioner, Respondent.

In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by CHARLES ECKLER and ARTHUR MANCE, JR., Claimants.

GANNETT CO., INC. (ROCHESTER TIMES-UNION), Appellant; FRIEDA S. MILLER, Industrial Commissioner, Respondent.

Third Department, March 5, 1941.

*Goodwin, Nixon, Hargrave, Middleton & Devans [Casper V. Baltensperger, Carl F. Paul, Jr.,* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General, W. Gerard Ryan, Francis R. Curran, Assistant Attorneys-General, of counsel], for the respondent.*

HILL, P. J. Appeals from decisions of the Unemployment Appeal Board holding that claimants were employees within the purview of the Unemployment Insurance Law (Labor Law, art. 18). They were newspaper carriers delivering for the appellant, owner of two newspapers published in Rochester. It is agreed that each came within the amendment to section 502 of the Labor Law, being a minor who was " actually in regular attendance during the day time as a student in an institution of learning." (Labor Law, § 502, subd. 1, as amd. by Laws of 1939, chap. 662, § 1.) The amendment was passed following the decision in *Matter of Scatola* v. *Bronx Home News Pub. Co.* (257 App. Div. 471; affd., 282 N. Y. 689), to exclude day students who were under twenty-one and who carried newspapers before or after school. A part became effective on June 3, and the remainder on July 1, 1939. The distinction between the facts in this case and those in the *Scatola* case is not marked.

The saving clause of the amendment (§ 24) states: " Notwithstanding anything to the contrary contained in article eighteen of the Labor Law, as amended by this act, all provisions of such article in force on June thirtieth, nineteen hundred thirty-nine, shall continue to be in full force and effect, as though unamended or unrepealed by this act, throughout the benefit year beginning April first, nineteen hundred thirty-nine, with respect to the benefit rights of employees who at any time in the period between March sixth to June thirtieth, nineteen hundred thirty-nine, inclusive, file a claim for benefits applicable to such benefit year and such provisions shall be the exclusive provisions governing such benefit rights throughout said benefit year."

Thereunder an employee, to be entitled to benefits during the benefit year beginning April 1, 1939, was required to file his claim between March 6, 1939, and the last day before the amendment became fully effective. Each of the claimants filed his claim subsequent to June thirtieth.

Immediately following the above-quoted portion of section 24 of the amendment, the following appears: " The claims of all other employees shall, for all purposes, be governed by the sections of this article which become effective on July first, nineteen hundred thirty-nine."

The claim of each of these claimants having been filed after the date prescribed in the first quoted portion of the section, the provisions of the amendment apply " for all purposes," and thereunder work by minors actually in attendance at school during the daytime is excluded from the classification " employment."

The decisions should be reversed on the law and facts, and the petitions dismissed.

CRAPSER, BLISS, SCHENCK and FOSTER, JJ., concur.

Decisions annulled on the law and facts and petitions dismissed, with costs against the Industrial Commissioner.