■ In the Matter of the Claim of BEKIR SALI, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from benefits on the ground that he voluntarily left his employment as a waiter, without good cause. Claimant's assertion that he quit his job because his supervisor suggested, two months before that time, that he do so because the work was too hard for him, would not necessarily have constituted good cause, even had the board credited it. (*Matter of Le Roy* [*Catherwood*], 26 A D 2d 976; *Matter of Jacobson* [*Catherwood*], 20 A D 2d 733.) In any event, claimant testified, " They didn't fire me. I quit myself." When he left, he gave no reason and merely asked for his vacation pay. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ In the Matter of the Claim of LUCILLE STEVENS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. P. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board which determined that the claimant had voluntarily left her employment without good cause. The claimant, finding it necessary to meet her daughter, had the latter phone the place of employment and she was advised by a representative of the employer in words or substance that claimant could not be here and there and that she must make other arrangements. This was interpreted by claimant to mean that her employment was terminated and aside from one other telephone call, she made no further attempt to contact the employer nor did she thereafter report for work. The board found that by neglecting to contact her employer and in failing to report to the place of employment, she abandoned her employment for reasons not within the purview of the law. We would observe that the claimant is relying solely on what her daughter reported to be the conversation with her employer, a factual issue, but in any event the conversation, subject to several interpretations, was not sufficient to constitute good cause for leaving her employment. Decision affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. P.

■ In the Matter of STONE CONVEYOR Co., INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the alleged employer from a decision of the Unemployment Insurance Appeal Board holding that two of appellant's salesmen were employees and not independent contractors for the period January 1, 1957 through March 31, 1962 and assessing appellant additional contributions for that period. The question of the existence of an employment relationship is factual and thus it is only where we can say as a matter of law that such relationship does not exist that interference with the board's determination is warranted (e.g., *Matter of Morton* [*Miller*], 284 N. Y. 167). Considering the relationship evidenced in the instant record and particularly the appellant's control and supervision of the activities of the alleged employees in addition to the other indicia of employment status proven, there is no basis to disturb the board's evaluation of the case (*Matter of Feuerbach* v. *Fuller Brush Co.*, 16 N Y 2d 582; *Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Alson Sanitronic Corp.* [*Catherwood*], 27 A D 2d 624). Decision affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.