■ In the Matter of D & E CATERING COMPANY, INC., et al., Appellants. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GREENBLOTT, J. Appeals by the alleged employers from a decision of the Unemployment Insurance Appeal Board, filed April 14, 1967, assessing the appellant D & E Catering Company, Inc., the sum of $2,240.95 as additional contributions due for the period from January 1, 1963 through September 30, 1965 and the appellant Three-D Plus One, Inc., the sum of $1,591.34 for the same period. The issue presented is whether there is substantial evidence in the record to sustain the board's determination that the lunch wagon drivers engaged by appellants were employees rather than independent contractors. The board's finding that "the contractual reservations of supervision, operation, and control * * * created the relationship of employment as a matter of law" is supported by substantial evidence. In the Three-D Plus One, Inc., agreement, the lessees were confined to territories determined by the appellant; the lessees were required to make reports and effect sales in accordance with the directives of appellant; they could sell only the appellant's merchandise, and the latter was empowered to terminate the relationship at will. (*Matter of Scatola [Miller]*, 257 App. Div. 471, affd. 282 N. Y. 689.) The D & E agreement was not as sweeping but no less indicative of an employment relationship. The lessees could sell only the merchandise of the appellant; they were required to report to the appellant when directed; they were restricted as to the stations where they might purchase gasoline for the trucks; and their uniforms were to be furnished

by the appellant. Furthermore, the lessees could not engage in any competitive activity at the termination of the relationship and they were forbidden to have any other person in the trucks, which were to be garaged only as directed by the appellant who also controlled their vacation periods. The question of the existence of an employment relationship is factual and where such a finding is supported by the evidence, it must be accepted as final and conclusive (*Matter of Electrolux Corp.* [*Miller*], 288 N. Y. 440; Labor Law, § 623). Decision affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.