■ In the Matter of Charles E. Willis & Co., Inc., Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1968, which determined that the employer was liable for additional unemployment insurance contributions in the amount of $1,629.83. The employer operated a real estate brokerage business using licensed real estate persons to effectuate the sales of residential property. In determining the amount of contributions to be paid by the employer to the Unemployment Insurance Fund, the employer did not include the amount of commissions paid to the salesmen. Most of the sales persons were housewives without prior experience in real estate sales. Leads were secured by the employer through advertisements and other means which were furnished to the salesmen on a rotating basis. The salesmen used the employer's premises as their base of operations. They were furnished with desks which had their name plates. The employer also furnished business cards bearing the name of the employer and that of the respective salesmen. The facilities of the employer's office including telephone, stationery, and the services of a secretary were available to the salesmen without charge. The salesmen paid for their own gas, travel, entertainment and home telephone.

The salesmen scheduled their work to suit their own convenience. The employer had no control over the days nor the time selected by the salesmen. The negotiations for the sales of properties offered were not controlled by the employer but were under the control of the salesmen who attempted to negotiate sales to the best of their ability. The salesmen received 50% of the commission on real estate sales as their sole compensation. Social Security and withholding payments were not deducted from the commissions paid to the salesmen. The employer contends that the real estate salesmen were independent contractors, and that the moneys paid to them do not constitute wages within the meaning of section 570 of the Labor Law. The board rejected this contention, and affirmed the Referee's decision which stated: "It is unquestionable that the real estate salesmen had a great deal of latitude in their operations. Nevertheless, even though the salesmen did not require close supervision, the employer in its operations maintained a right to exercise direction and control over the salesmen. This right stemmed from the circumstances that the salesmen operated from the employer's premises, they utilized the employer's facilities, they secured leads from the employer; they were under some obligation, even though minimal, to cover the premises at specified times, and they presented themselves before the public as sales representatives of the employer. Considering all these factors, it must be concluded that an employer-employee relationship existed between the employer and the salesmen." The facts in this case are similar to the facts in the case of *Matter of Sullivan Co. (Miller)* (289 N. Y. 110), where the company provided office and desk space, telephone service, prospect leads, stationery, office supplies, and blanks for closing sales. In that case, as in the case now before us, the salesmen had no specific hours, no definite routine to follow, could engage in other occupations, and were required to make no reports other than a record of sales actually made. The Court of Appeals stated at page 112: "The scope of judicial review in a proceeding such as this is very limited, being confined solely to a determination as to whether or not there is any substantial evidence to support the conclusion of the Appeal Board. (*Matter of Morton,* 284 N. Y. 167.) However, upon the record in this case, it cannot be seriously contended that there are facts sufficient to show that respondent exercises control over either the results produced by its salesmen or the means employed by them to achieve the results. In the absence of evidence to prove control there can be no finding that the relationship between respondent and its salesmen is one of employment. (*Matter of Beach* v. *Velzy,* 238 N. Y. 100, 103, 104.) " The record here does not contain facts sufficient to establish that the employer exercised such control over the activities of the salesmen so as to constitute substantial evidence of the existence of an employer-employee relationship, except as to the salesman, Davis, who was paid additional compensation for acting as manager of the employer's office. Accordingly, the decision of the board must be reversed. (Cf. *Matter of Smith [Catherwood],* 26 A D 2d 459.) Decision reversed, with costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Simons, JJ., concur.