■ In the Matter of NIVEN REALTY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board determining that appellant employer was liable for contributions for the period from October 1, 1971 through September 30, 1972. The sole issue presented on this appeal is whether there is substantial evidence in the record to sustain the board's determination that the real estate salesmen engaged by appellant were employees, and not independent contractors. A resolution of the issue requires an analysis of the employer's right to exercise control over the salesmen. Each case must be determined on its own particular facts and circumstances. Appellant maintained an office with two desks and three telephones. A secretary was on duty to answer the phones. The

eight salesmen, as required by law, worked under the supervising broker. They were not restricted to any geographical limitation. They furnished their own transportation, paid their own overhead expenses and most were employed in other occupations, and, consequently, worked part time. They were not required to follow up leads given by appellant, nor were they required to attend sales meetings. They determined, each for himself, when they wanted to go on vacation. The record further reveals that except for the proprietor's son, the salesmen had no drawing account and were not required to be in the office. (Cf. *Matter of Migatz [Blueprint Realty — Levine]*, 40 A D 2d 902.) Actually, they were permitted to work out of their own homes, and the home telephone number of each salesman appeared on his business cards, paid for by the salesman. Taking the record in its entirety, we conclude that there is a lack of substantial evidence to support the board's conclusion. The facts do not establish that appellant exercised such control over the salesmen as to constitute an employer-employee relationship. (*Matter of Charles E. Willis & Co. [Levine]*, 37 A D 2d 869.) Accordingly, the decision of the board must be reversed. Decision reversed, with costs. Cooke, Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., dissents and votes to affirm.