■ In the Matter of Lou Lawrence, Respondent. Park River Real Estate Co., Inc., Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 28, 1974, reversing a decision of a referee and sustaining a determination of the Industrial Commissioner that claimant was an employee entitled to benefits and assessing the appellant-employer for contributions. Claimant, a real estate salesman, worked for the appellant, a corporate real estate broker. The board, after granting a request to reconsider its prior decision, concluded, after making certain findings of fact, that "the manner in which [claimant] obtained apartment rentals on behalf of the employer was subject to the employer's direction and control. Accordingly, the claimant was an employee of the employer". Appellant contends on appeal that the board's findings are not supported by substantial evidence and that the record compels the conclusion that the relationship was one of independent contractor. Appellant relies heavily on our decision in *Matter of Willis & Co.* (*Levine*) (37 A D 2d 869). We disagree, and we feel that *Willis* is distinguishable. The board found: salesmen were required to register clients on one of the employer's registration forms, which remained the employer's property, and anyone signing such a form became a client of the employer; claimant could not work at home because all calls were channeled through the employer's premises, and he was required to be in the employer's office to accept calls from prospective clients responding to ads placed by the employer; he was required to come to the office on specific days; perhaps most significant, he was assigned to apartment rentals in a specific area of Manhattan's East Side. Each of these findings has evidentiary support. In *Willis* we held that the facts were insufficient to show that the employer exercised "control over either the results produced by its salesmen and the means employed to achieve the results" (37 A D 2d 869, 870). In the instant case, however, the territorial restrictions and the requirement that he answer calls in the office, to mention just these two, are meth-

ods by which the appellant controlled the means employed by its salesmen to achieve results. Factors such as these were not present in the *Willis* case. A determination of employer-employee status is, of course, factual. The underlying facts found by the board, having support in the record, are binding upon us (Labor Law, § 623), and the ultimate conclusion that the factors relied on by the board demonstrate sufficient control to establish claimant's status as an employee should not be disturbed. Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Main, JJ., concur.