In the Matter of the Claim of BERNARD LANSKY, Appellant-Respondent; LTA REALTY CORPORATION, Respondent-Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, February 27, 1975.

*Bernard Lansky,* appellant-respondent *pro se.*

*Arthur S. Mantel* for respondent-appellant.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, P. J. These are cross appeals from a decision of the Unemployment Insurance Appeal Board, filed May 17, 1974, which adopted and affirmed a Referee's decision sustaining a ruling of the Industrial Commissioner that salesmen employed, as was the claimant by the appellant employer, were employees and not independent contractors.

The named employer is apparently a subsidiary corporation wholly owned by AMREP Corporation to sell real property. The employer in the present case was formed solely for the purpose of acting as real estate broker in the sale of land owned by Silver Springs Shores Development, Inc. The land involved is located in Florida.

There is no dispute as to the general manner in which the employer conducts its business. The employer establishes an office and then advertises in local papers for persons holding salesmen's licenses or unlicensed to apply for positions as salesmen. The claimant was apparently a licensed salesman when he responded to such an ad by the employer and was hired. The employer submitted in evidence a contract of employment

dated May 1, 1972 signed by its representative and the claimant and which states the claimant is an independent contractor.

The salesmen were trained and/or exposed to sales meetings once a week. In any event, the employer's representative testified that the salesmen were coached as to their presentation to prospective purchasers and were expected to use such presentation. The employer would schedule dinners which prospects were invited to attend, free of charge. At the dinners the employer's managers would assign the salesmen to certain tables with the prospects and the managers would show pictures and make a sales speech on the desirability of the property. The salesman would attempt to make actual sales to the prospects at his table.

The salesmen were paid strictly from commissions although occasionally they might be able to get an advance on unearned commissions. The employer made no withholdings from the amounts paid to salesmen and the sole benefit provided by the employer was medical and life insurance group coverage at the employer's expense.

In this particular case the contract alone is sufficient to establish such control over salesmen as to render them employees. The salesman is bound in paragraph 4 of the contract not to use any sales material other than that supplied by the employer and he may not make *any* " representations or presentations " other than those in the written materials furnished by the employer. In paragraph 8a of the agreement salesmen are prohibited during the term of the contract *and* for one year thereafter from acting even indirectly on behalf of any other broker or owner of property *in any State* where property located in Arizona, Florida, Missouri, New Mexico or Nevada is sold on the installment plan. Pursuant to paragraph 8b of the contract, salesmen are prohibited from soliciting customers secured by them for *any* purpose other than the sale of property for their broker. It is readily apparent from the contract that the salesman is not an independent contractor in terms of control and, thus, there is substantial evidence to support the board's decision.

While the testimony indicates that the salesman claimant did not have to present himself to the employer's office or even attend the promotional dinners, such evidence at most created issues of fact for the board and the evidence does not conclusively establish a lack of control as a matter of law. (Cf. *Matter of Sullivan Co.* [*Miller*], 289 N. Y. 110; *Matter of Niven Realty* [*Levine*], 43 A D 2d 1002; *Matter of Willis & Co.*

*[Levine]*, 37 A D 2d 869. But see *Matter of Migatz [Blueprint Realty — Levine]*, 40 A D 2d 902.) The record does not establish that the claimant was in any real sense an entrepreneur engaged in self-employment.

The decision should be affirmed, without costs.

GREENBLOTT, KANE, MAIN and LARKIN, JJ., concur.

Decision affirmed, without costs.