■ In the Matter of FIRST-MET REALTY CORP., Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a resettled decision of the Unemployment Insurance Appeal Board, filed January 21, 1974, which affirmed the decision of a referee sustaining and modifying a decision of the Industrial Commissioner. In this case the board assessed the employer additional contributions and found that the full-time real estate brokers and salesmen engaged by the employer-appellant were its employees whose remuneration was subject to contributions under the Unemployment Insurance Law. The issue whether the full-time brokers and salesmen engaged by the appellant were its employees or independent contractors is factual and where the board's finding is supported by substantial evidence, it must be accepted as final and conclusive *(Matter of Electrolux Corp.,* 288 NY 440; *Matter of D & E Catering Co. [Catherwood],* 33 AD2d 1075). In this case there was a contract which, among other things, contained a provision

prohibiting the salesmen from competing against the appellant for a stated period and in a stated area. Contrary to appellant's contention that the board's decision was based on the fact that the salesmen and brokers involved worked full-time as distinguished from those who worked part-time, the board noted that full-time salesmen received advances; part-time salesmen had other employment and could come to work when they wished whereas full-time brokers and salesmen were expected to and did work five or six days a week. While the evidence indicates that the full-time salesmen and brokers did not have to attend the sales meetings or present themselves at the office at certain hours, such evidence, at most, created issues of fact for the board and the evidence does not conclusively establish a lack of control as a matter of law *(Matter of Lansky [LTA Realty Corp.—Levine],* 46 AD2d 599, and cases cited therein). Since it cannot be said as a matter of law that the full-time salesmen and brokers were not employees, the board's holding must be affirmed *(Matter of Morton,* 284 NY 167). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.