■ In the Matter of the Claim of Terry Cohen, Respondent. L. T. A. Realty Corp., Appellant. Philip Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 1974, which affirmed the decision of a referee in combined hearings sustaining an initial determination of the Industrial Commissioner holding claimant Terry Cohen eligible for benefits effective February 4, 1974 without disqualifying conditions, and appellant L. T. A. Realty Corporation as claimant's employer liable for contributions (Labor Law, § 570). The appellant, L. T. A. Realty Corporation is a real estate broker engaged in the sale of real property at Silver Springs Shores, Florida. Appellant as a licensed real estate broker engaged the services of claimant as a licensed real estate salesman on a commission basis to sell in New York State real estate situated in the development at Silver Springs Shores in Florida. On this appeal appellant claims claimant was not an employee of appellant but was an independent contractor and that there is no substantial evidence to support the board's finding that claimant was an employee of appellant. We disagree. Appellant points to the written contract between appellant and claimant which recites that claimant as a "Salesman desires to be retained by Broker, as an independent contractor, to solicit and procure contracts for the sale of such lots." This recital and comparable provisions in the contract are not dispositive of the issue. A resolution of the issue requires an analysis of the appellant's right to exercise control over claimant as a salesman *(Matter of Niven Realty [Levine]*, 43 AD2d 1002). The contract alone is sufficient to render claimant an employee. In *Matter of Lansky (LTA Realty Corp.—Levine)* (46 AD2d 599, mot for lv to app den 37 NY2d 707), in construing the same or a comparable contract between the appellant herein and another licensed salesman for the same development, the court said (p 600): "the contract alone is sufficient to establish such control over salesmen as to render them employees. The salesman is bound in paragraph 4 of the contract not to use any sales material other than that supplied by the employer and he may not make *any* 'representations or presentations' other than those in the written materials furnished by the employer. In paragraph 8a of the agreement salesmen are prohibited during the term of the contract *and* for one year thereafter from acting even indirectly on behalf of any other broker or owner of property *in any State* where property located in Arizona, Florida, Missouri, New Mexico or Nevada is sold on the installment plan. Pursuant to paragraph 8b of the contract, salesmen are prohibited from soliciting customers secured by them for *any* purpose other than the sale of property for their broker. It is readily apparent from the contract that the salesman is not an independent contractor in terms of control and, thus, there is substantial evidence to support the board's decision." The board also found that claimant was subject to summary discharge; that claimant was required to regularly report to appellant's offices during the period of employment to solicit prospective purchaser and that claimant did so under supervision, that appellant furnished claimant with sales literature and that appellant censored correspondence written by claimant in connection with his sales activities for appellant. As we find substantial evidence to support the board's finding that claimant was appellant's employee, we must affirm. It is only where, as a matter of law, it can be said that an employment relationship does not exist, that the board's decision can be set aside *(Matter of Stone Conveyor Co. [Catherwood]*, 27 AD2d 887). *Stare decisis* and the

doctrine of *res judicata (Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65), reinforced by section 620 (subd 1, par [b]) of the Labor Law, also prescribes affirmance of the board's decision. Decision affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Herlihy and Reynolds, JJ., concur.