■ In the Matter of the Claim of CLIFFORD J. BARRETT, Respondent, STOVROFF & HERMAN, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 27, 1976, which reversed the decision of a referee modifying the initial determination of the Industrial Commissioner

holding claimant eligible for benefits effective December 30, 1974 without disqualifying conditions. Claimant was engaged as a licensed real estate salesman by the appellant broker and the issue presented for our review is whether substantial evidence supports the determination of the board that he did so as an employee or whether, as appellant contends, the circumstances of his association compel the conclusion that he was an independent contractor. The board found that claimant was required to select a time to personally cover the appellant's office and that it was necessary for him to call in if he was going to be absent. Neither finding possesses substantial evidentiary support. Appellant's representative testified that these times were individually chosen in advance by the salesmen based on the record of their past productivity; that in the event of their inability to be present during such periods, even without prior notification, another salesman would replace them; and that no disciplinary measures were taken to enforce attendance. Claimant's testimony generally tallied with this account. Rather than require the presence of claimant in the office at any specific times (cf. *Matter of Schlicker [Blake & Sons—Ross]*, 55 AD2d 789; *Matter of Lawrence [Park Riv. Real Estate Co.—Levine]*, 46 AD2d 953, mot for lv to app den 36 NY2d 644), it seems plain from this record that the salesmen, including claimant, actually competed with one another for advantageous assignments and eagerly filled in for those who were unable to be present when scheduled. We have no occasion to dispute the findings that claimant received a weekly draw against future commissions and was covered by compensation and disability insurance, but we discover no support for the further finding that he was discharged by appellant. It appears that the draw was granted to claimant as a matter of discretion and was discontinued when his earnings from commissions fell below the sum of payments advanced to him (cf. *Matter of First-Met Realty Corp. [Levine]*, 50 AD2d 637; *Matter of Migatz [Blueprint Realty—Levine]*, 40 AD2d 902). Appellant's representative testified, and claimant again agreed, that he requested repayment of the difference but was willing to allow claimant to continue working without the draw. Other evidence in the record reveals that claimant shared office space with other salesmen; was free to engage in other employment; was not reimbursed for automobile or telephone expenses, but was to be charged a percentage of his commissions to offset the overhead of running appellant's office; and was not to be remunerated for vacation periods. In addition, no income or Social Security taxes were withheld from claimant and he was free to participate or not, as he saw fit, in periodic sales meetings conducted by appellant. Reduced to findings which are substantiated, we conclude that appellant did not exercise such control over claimant as to make him its employee *(Matter of Sullivan Co. [Miller]*, 289 NY 110; *Matter of Niven Realty [Levine]*, 43 AD2d 1002; *Matter of Willis & Co. [Levine]*, 37 AD2d 869). Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.