■     In the Matter of the Claim of JOHN W. DINEEN, Respondent. EAGAN REAL ESTATE, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 1977, which determined that claimant was an employee and not an independent contractor, that the employer was liable for unemployment insurance contributions based upon claimant's earnings and those of any other person performing services under similar circumstances and that claimant was eligible to receive unemployment benefits effective June 28, 1976, without any disqualifying conditions. As a licensed real estate broker, the employer herein engaged claimant as a licensed real estate salesman. This relationship was subsequently terminated, however, and claimant then filed a claim for unemployment benefits. By initial determination he was ruled eligible for such benefits without disqualifying conditions, and this initial ruling was thereafter sustained by both a referee

and the board. The employer now appeals. Seeking a reversal of the board's decision, the employer initially contends that there is a lack of substantial evidence to support the board's finding that claimant was an employee and not an independent contractor. We agree. The evidence, as developed in the record establishes that claimant had no employment contract and received no salary and that he was paid on a commission basis, receiving 50% of the total commissions on each deal he closed. Additionally, the employer made no deductions from claimant's commissions for Social Security or income taxes, and while claimant did receive cash advances on future commissions, these were expected to be repaid. As for working conditions, claimant set his own hours, was not assigned to a specific geographic area and was permitted to engage in outside business activities, and he also had to pay his own medical insurance, automobile, travel and entertainment expenses. Obviously, these circumstances evidence claimant's freedom of operation and the absence of control by the employer over his conduct, and most significantly, the alternative grounds upon which the board found that claimant was an employee are either unsubstantiated or insufficient to justify the board's conclusion. In this regard, claimant conceded that he determined his own vacation time without the employer's approval. Moreover, while the employer did conduct morning sales meetings, claimant likewise conceded that he was frequently absent from these meetings and that he was never disciplined or penalized for his numerous absences. With regard to the minutes of some of these meetings which are contained in the record, we have found nothing contained therein to establish meaningful control over claimant by the employer. Considering all of these circumstances, we can only conclude that substantial evidentiary support is lacking for determination that claimant was an ˜employee (cf. *Matter of Barrett [Stovroff & Herman-Ross]*, 56 AD2d 688; *Matter of Willis & Co., [Levine]*, 37 AD2d 869). Such being the case, he is clearly not entitled to benefits nor is the employer liable for contributions based upon the earnings of its salesmen performing services under similar circumstances. We need reach no other issue. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Staley, Jr., Main and Mikoll, JJ., concur.

Greenblott, J. P., and Herlihy, J., dissent and vote to affirm in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). The factual questions here presented could properly be determined by the board in favor of claimant. The decision should be affirmed.