■ In the Matter of RAND LIGHTING CORPORATION, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 31, 1977. Rand Lighting Corporation (hereinafter corporation) is a distributor of light bulbs and was held to be liable under section 571 of the Labor Law for additional unemployment insurance contributions in the amount of $2,653.03 for the years 1972 through 1974. The basis for this determination involved the

compensation paid by the corporation to its salesmen, its executive officers, and the founder of the corporation. At the hearing, the employer conceded that the executive officers were employees of the corporation and the Industrial Commissioner now concedes on this appeal that the assessment based on the compensation paid to the founder of the corporation, who was in Florida during the entire period in question, was erroneous. Thus, the only issue on this appeal is whether the corporation's salesmen were employees or independent contractors. Since the question of whether or not an employment relationship exists is a question of fact, the board's determination must be upheld if supported by substantial evidence (*Matter of Cornell Design Co. [Levine]*, 47 AD2d 567). While there are many factors in this case which would support a determination that the corporation's salesmen were independent contractors, there was substantial evidence to support the board's conclusion that an employment relationship existed. The salesmen were paid on a commission basis and most of them received a weekly draw against their commissions. By indicating that there were certain industries which were felt to be bad credit risks and, therefore, should not be solicited as customers, the corporation effectively restricted those people to whom the salesmen could sell. The salesmen did not solicit the customers of other salesmen. There were also instances in which the corporation paid fringe benefits and bonuses to various salesmen and reimbursed certain expenses. Thus, since we cannot say as a matter of law that an employment relationship did not exist between the corporation and its salesmen, the board's decision that the salesmen were employees should not be disturbed (*Matter of Cohen [L. T. A. Realty Corp.—Ross]*, 55 AD2d 788). However, due to the fact that the Industrial Commissioner has conceded that part of the assessment was incorrect, a remittal to the board is necessary. Decision modified by remitting the matter to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.