■ In the Matter of the Claim of MICHAEL J. WILLIAMS, Respondent. FORBES REALTY CORPORATION, Appellant. PHILLIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 1978, which (1) reopened and affirmed the decision of a referee overruling an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because he did not file a valid original claim, and (2) reverse the decision of a referee overruling an initial determination of the Industrial Commissioner assessing contributions against the employer. The dispute in this case involves the familiar issue of whether licensed real estate salesmen are employees or independent contractors. Their unemployment insurance status has been controverted in many cases since 1942 (see *Matter of Wilson Sullivan Co [Miller]*, 263 App Div 162, affd 289 NY 110; *Matter of Dineen [Eagan Real Estate—Ross]*, 67 AD2d 1027), but the applicable legal principles have remained constant over the intervening years and the outcome depends on the particular facts of each case. Here, while we believe that the board acted properly in reopening and adhering to its prior decision finding an individual claimant to have been employed, we conclude that substantial evidence does not support its determination holding the appellant liable for unemployment insurance contributions on behalf of all of its salesmen during the test period in question. The individual claimant was engaged by the appellant real estate brokerage for a short period. His account of appellant's requirements was sharply disputed, particularly in reference to sales meetings, hours on the floor, and a responsibility to call into the office at specified intervals. Nevertheless, the referee and board weighed this conflicting testimony and we cannot say that the finding of employment lacked rationality or evidentiary support when it was rendered (e.g., *Matter of Schlicker [Blake & Sons—Ross]*, 55 AD2d 789). Contrary to appellant's suggestions, the board was entitled to reopen the matter on its own motion and to have subsequently developed proof evaluated by one of its members (Labor Law, § 534; see *Matter of Rosano [Steinway & Sons—Ross]*, 54 AD2d 800). Although it may be argued that this expanded evidence tended to favor appellant's position, the board was not obliged to accept it as it related to the activities of the individual claimant and we discern no reason to upset its reconsidered decision. However, the record in connection with appellant's treatment of all other salesmen presents a different picture. Had they been treated the same as the individual claimant, it would be logically and legally correct to conclude that they too were employees and not independent contractors. The difficulty with this approach is that the facts unearthed by an unemployment insurance auditor and the testimony of appellant's president consistently demonstrate that the salesmen were not required to work any particular hours; did not have to call in; worked out floor time among themselves; paid for their own business cards; and were not subject to immediate direction by the appellant. In short, all of the critical factors directly related to the question of control indicated that they were independent contractors (see *Matter of Dineen [Eagan Real Estate—Ross], supra; Matter of Barrett [Strovroff & Herman—Ross]*, 56 AD2d 688). There were no significant differences between the testimony given by appellant's representative in this proceeding and the prior account he offered in the case of the individual claimant. The apparent contradiction in result is more illusory than real. In the former case there was a direct

conflict between his statements and the claimant's version of affairs, whereas in the assessment proceeding the pertinent circumstances were largely uncontradicted. Thus, the former decision was supportable, even if incorrect, while the instant record, considered in its entirety, simply does not contain substantial evidentiary support for the board's determination concerning the remaining salesmen. Decision modified, by reversing so much thereof as assessed unemployment insurance contributions against appellant, matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.