■ In the Matter of McCabe & Willig Realty, Inc., Appellant. Philip Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 1979, which reversed the decision of the Administrative Law Judge overruling the initial determination of the Industrial Commissioner and sustained the assessment of $3,499.28 due from the employer for the audit period from January 1, 1975 through March 31, 1978, on the moneys paid to persons engaged by the employer as real estate sales associates. The appellant corporation is engaged in the general real estate business in and around the City of Schenectady. It concedes that two or three of its staff are employees. However, during the period in issue it had, under contract, a number of salespersons who worked part time for the most part, and it is these licensed sales associates' relationship with the employer that is the subject of our concern. The board found that the evidence presented established that appellant exercised sufficient control over the salespersons so as to constitute an em-

ployer-employee relationship. Though this finding was dispositive of the issue, if correct, the board, significantly, further found that article 12-A of the Real Property Law, which refers to real estate brokers and salesmen as employees, outlawed the common-law relationship of independent contractor, a somewhat ancient notion which was laid to rest in *Matter of Sullivan Co.* (289 NY 110). Any question concerning the permanency of its demise was answered, in part, by *Hechter v New York Life Ins. Co.* (46 NY2d 34, 39) and finally erased when the Legislature enacted chapter 226 of the Laws of 1980 thus confirming and continuing the validity of *Matter of Sullivan Co. (supra),* and changing the former references in the Real Property Law to the relationship of brokers and salespersons as one of employment to one of association. It is noteworthy that the Industrial Commissioner has abandoned this position on this appeal. Thus, we turn to the question of whether the record provides substantial evidence to support the board's conclusion that the relationship established was that of employer and employee. It shows that the appellant furnishes limited office and desk space and telephone service. In most cases the salesperson works part time and holds another full-time job. All are under a contract which classifies them as independent contractors. They pay for their own business cards, their own expenses, for their own licenses and have no drawing accounts. Nothing is withheld from their commissions which are fixed by the terms of the contract. While training sessions and sales meetings are held, no one is required to attend and no roll is taken. The salespersons work as much or as little as they wish and are not required to account for their time in any manner. No insurance coverage is provided. It is accurate to state that the only direction or control exercised was that mandated by statute (Real Property Law, 440 *et seq.).* There was no drawing account and requirement that the salesperson be on the premises at certain times (cf. *Matter of Migatz [Blueprint Realty — Levine],* 40 AD2d 902). There was no choice of status available to the salesperson with substantial differences in treatment after the choice was made *(Matter of Dineen [Eagan Real Estate — Ross],* 50 NY2d 964). Likewise, there was no requirement that the salespersons be present to answer the phone during assigned hours and there were no territorial restrictions *(Matter of Lawrence [Park Riv. Real Estate Co. — Levine],* 46 AD2d 953). The factual pattern here is strikingly similar to that encountered in several past cases (see, e.g., *Matter of Williams [Forbes Realty Corp. — Ross],* 73 AD2d 784; *Matter of Niven Realty [Levine],* 43 AD2d 1002; *Matter of Sullivan Co. [Miller],* 263 App Div 162, affd 289 NY 110, *supra),* all of which held that the facts failed to establish that the principal exercised such control over the salespersons so as to constitute an employer-employee relationship. Accordingly, the decision of the board must be reversed. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.