■ In the Matter of KINGS ORGANIZATION ASSOCIATES et al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 1983, which assessed the employer $5,618.26 as contributions due for the audit period from January 1, 1977 through March 31, 1980 on moneys paid to persons engaged by the employer as real estate salespersons. ¶ Whether the board's finding that these salespeople were employees and not independent contractors is supported by substantial evidence is the single issue presented by this appeal. ¶ The employer, Kings Organization Associates (KOA), a partnership engaged in the sale of real estate, sells tracts of land to home builders, advises them regarding layout and design of the building development and prices the homes and units erected in that development. Thereafter, pursuant to an agreement with the builder, KOA acts as the sales agent for the development. As sales agent, KOA contracts individually with others to sell the homes. By the terms of this contract, those persons are required to abide by the procedures and policies of KOA and are not to devote any time or effort to any property not assigned to them by KOA. Nor can any such salesperson use any lead furnished by the partnership for one year following termination of the contract for services. Additionally, for purposes of sales promotion, these salespeople are permitted to use the title "vice president" and to represent themselves as being associated with KOA. ¶ Although the schedules for showing model homes and for vacations are arranged by the sales staff

individually and collectively, indicating an independent contractor relationship, KOA does require that the office floor at a development be manned by some staff member, particularly on weekends. KOA determines the price of the homes sold and assigns the salespeople to serve specific developments. Although they are paid solely on a commission basis, the terms and percentages of which are determined exclusively by KOA, the salespeople have drawing accounts from which they can withdraw weekly, albeit they are required to repay the amount drawn from commissions later earned. If a builder is dissatisfied with a particular salesperson, it is KOA and not the builder who discharges him. Additionally, contrary to KOA's currently asserted argument, the record shows that the sales staff members were not necessarily individually licensed real estate brokers, but could rely on KOA's license if necessary. Furthermore, although otherwise contended by KOA, nothing elicited during the hearing before the administrative law judge indicates that the salespeople engaged in other business. ¶ In an obvious attempt to isolate itself from liability, KOA has arranged with the builders for the latter to supply all the office equipment, telephones, advertisements and other necessities associated with running an office to the salespeople, in the hope that this would render the salespeople independent contractors. The fact remains, however, that KOA agrees to supply a sales service to builders and then contracts with individuals to perform that service. Taken as a whole, the record furnishes ample evidence to justify the conclusion that KOA exercised sufficient supervision, direction and control over the sales staff to render them employees and not independent contractors (cf. *Matter of McCabe & Willig Realty* [*Ross*], 80 AD2d 935; *Matter of Van Waes & Assoc. Realty* [*Ross*], 76 AD2d 1016; *Matter of Dineen* [*Eagen Real Estate — Ross*], 67 AD2d 1027, revd on other grounds 50 NY2d 964). ¶ Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.