■ In the Matter of INTERGLOBAL TRAVEL SERVICE, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 18, 1988, which assessed the employer for additional unemployment insurance contributions.

Interglobal Travel Service, Inc., operates a travel agency which is staffed by its two stockholders, a full-time messenger, a part-time bookkeeper and five commissioned travel agents. In an initial determination, the Commissioner of Labor ruled that the five travel agents were employees rather than independent contractors and assessed Interglobal for additional contributions. Thereafter, a hearing was held before an Administrative Law Judge (hereinafter ALJ). Annette Kuller, Interglobal's vice-president and one of the partners in the business, was the only witness to testify at the hearing.

According to Kuller, none of the travel agents worked full time and the amount of time spent in the office varied greatly

among the five. They were not required to conform to any schedule and came in whenever they wished. The agents were allowed to occupy desk space in Interglobal's office and to use the company's computer terminals, phones and its authorization to issue airline tickets and other travel documents. Kuller testified that she and her partner worked full time, handled all phone calls and walk-in business, and together generated more than half of Interglobal's business. The sales agents handled only their own clients and were never furnished with leads or clients by the company. Kuller further testified that the agents received no training from the company and were responsible for billing and collecting money from their own clients. Clients were told to make their payments directly to Interglobal. According to Kuller, the agents and not the company were financially responsible for unpaid accounts.

Interglobal paid the agents a 60% commission, with one exception for an agent who negotiated a 50% commission in exchange for assistance with her paperwork. No Social Security or income tax deductions were taken from the agents' commissions and they were not permitted to draw on their commissions. Kuller also testified that the agents were allowed to use Interglobal's logo and phone number on business cards and that they were not required to work exclusively for Interglobal.

At the conclusion of the hearing, the ALJ reversed the initial determination, finding that Interglobal did not exercise sufficient supervision and control over the travel agents to constitute an employer-employee relationship. The Unemployment Insurance Appeal Board reversed the ALJ's decision and ruled that the travel agents were properly considered employees. This appeal ensued.

Interglobal argues that the Board's determination is not supported by substantial evidence. In support of this contention, it relies on *Matter of Sirotkin Travel (Ross)* (63 AD2d 1095) as being dispositive of the case at bar. In *Sirotkin,* the Board determined that commissioned travel agents were employees of the travel agency based on the fact that they were provided with office space and supplies, that tickets issued by the agents had to be validated using a machine kept in the office and that the agency required trips to be paid in advance and arranged in the name of the agency. In addition, the agents were expected to generate $25,000 per year in travel business in order to maintain the relationship with the agency. On appeal this court held that, in light of all the evidence adduced, the Board's determination that there was

sufficient control over the commissioned travel agents to make them employees was not supported by substantial evidence *(supra)*.

We agree with Interglobal that *Sirotkin* is essentially indistinguishable from the instant case and the Board's decision must be reversed. The uncontroverted testimony of Kuller was insufficient to support the Board's conclusion that Interglobal exercised meaningful supervision, direction or control over the results produced by these travel agents, or the means employed to achieve those results. The mere fact that these individuals acted as agents of Interglobal in making travel arrangements for their clients is not determinative of their status as employees *(see, Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725, 726). Moreover, our conclusion in this case is consistent with decisions in analogous cases involving salespeople and real estate agents *(see, supra; Matter of 12 Cornelia St. [Ross],* 56 NY2d 895; *Matter of McCabe & Willig Realty [Ross],* 80 AD2d 935; *Matter of Van Waes & Assocs. Realty [Ross],* 76 AD2d 1016; *compare, Matter of Kings Org. Assocs. [Roberts],* 101 AD2d 903).

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.