■ In the Matter of the Claim of DEEPA L. NANWANI, Respondent. SANDRA GREER REAL ESTATE, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [598 NYS2d 582] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 28, 1992, which ruled that claimant was entitled to receive unemployment insurance benefits.

Sandra Greer Real Estate, Inc. (hereinafter Greer) acted as the broker for a sponsor of an offering plan to convert an apartment complex to cooperative ownership. It hired claimant to show the apartments and sell them. When the sponsor withdrew the offering plan Greer terminated claimant's services. At the hearing to determine claimant's eligibility for unemployment insurance benefits, she testified that she was not permitted to work at home or any other sites and that Greer required her to be at the on-site sales office six days a week, including Sundays and holidays. She also testified that she was hired to work certain specified hours. Claimant was provided with Greer's business cards and "welcome" sheets for listing the names of prospects visiting the site. Claimant also stated that she was required to make weekly reports as to how many people visited the site. Claimant had no authority to negotiate price or to sign any agreements but was required to deliver them to Greer.

The question of whether an employer-employee relationship exists is one of fact and depends on whether there is evidence of either control over the results achieved or over the means used to achieve those results (see, *Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, *cert denied* 481 US 1049). Given claimant's testimony and considering the record as a whole, there is substantial evidence to support the Board's conclusion that claimant was Greer's employee (see, *Matter of Lansky [LTA Realty Corp.—Levine]*, 46 AD2d 599, *lv denied* 37 NY2d 707; *Matter of Lawrence [Park Riv. Real Estate Co.—Levine]*, 46 AD2d 953, *lv denied* 36 NY2d 644). We also find no error in the Board's determination that the exclusion from coverage set forth in Labor Law § 511 (19) was inapplicable. As the Board noted, the parties' contract did not contain the required provision that claimant be permitted to work the hours of her choosing (see, Labor Law § 511 [19] [iii]). To the extent that the testimony of Greer's representatives contradicted that of claimant's, a question of credibility was presented for resolution by the Board (see, *Matter of Williams [Forbes Realty Corp.—Ross]*, 73 AD2d 784). Greer's remaining contentions have been considered and rejected for lack of merit.

Weiss, P. J., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.