■ In the Matter of MONTI MOVING & STORAGE, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [661 NYS2d 58] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 1996, which ruled that Monti Moving & Storage, Inc., was liable for additional unemployment insurance contributions.

Monti Moving & Storage, Inc., is engaged in the business of moving household goods. In order to follow up on customer inquiries, it utilizes commissioned outside sales representatives referred to as "estimators". The estimators go to a prospective customer's home and prepare an estimate of the cost of the particular moving job by applying the estimated volume of material to filed rate tariffs. If they are successful in securing the business for Monti, they write up the order and take a deposit. After the job is completed and paid for, they receive a commission equal to 5% of the estimate. Based upon the Commissioner of Labor's determination that the estimators were employees and not independent contractors, Monti was assessed additional unemployment insurance contributions totaling $2,661.55. Ultimately, the Unemployment Insurance Appeal Board upheld the Commissioner's determination on the basis of factual findings that the estimators reported to Monti's offices in the morning to submit orders and deposits received the previous day and to obtain customer leads to follow up that day, that the estimators could but were not required to make

telephone contact with customers from Monti's offices, that the estimators were "expected" to follow up on leads provided by Monti and to inform Monti of the outcome as well as the nature of the competition in the covered territory, and that, in the event an estimator underestimated the cost of a job, he or she was paid a commission on the basis of the estimate and not the actual cost of the move. Monti appeals, contending that the Board's decision is not supported by substantial evidence. We agree and accordingly reverse.

In determining whether an employer-employee relationship exists, the focus is on the employer's control over the means used to achieve the results (*see, Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725, 726). The fact that the estimators received leads from and acted as agent for Monti is not determinative of their status as employees (*see, id.,* at 726; *Matter of Interglobal Travel Serv. [Hartnett],* 156 AD2d 849, 851). Here, the record shows that the estimators scheduled appointments at their own convenience, were not restricted to a particular territory, were paid strictly on a commission basis, were responsible for their own expenses and were not prohibited from working for competitors. In addition, although the estimators were expected to follow up on leads and report the results, Monti kept no record of the leads it provided and had no means of insuring compliance with this policy. Under the circumstances, we conclude that the facts as specifically found by the Board provide insufficient support for its conclusion of an employer-employee relationship. To the contrary, they merely evidence incidental control over the means employed by the estimators to achieve the results (*see, Matter of Ted Is Back Corp. [Roberts], supra; Matter of Werner [CBA Indus.— Hudacs],* 210 AD2d 526, 527, *lv denied* 86 NY2d 702).

As a final matter, because we are required to make our determination on the basis of the facts as found by the Board (*see, Matter of Parkmed Assocs. v New York State Tax Commn.,* 60 NY2d 935, 936; *Matter of Scudder v O'Connell,* 272 App Div 251; Labor Law § 621 [3]; 12 NYCRR 464.1 [a]), the existence of additional record evidence supportive of a finding of an employer-employee relationship (as detailed in the brief filed on behalf of the Commissioner of Labor) is unavailing.

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.