█ In the Matter of the Claim of LINDA B. CROMER, Respondent. TRANSWORLD SYSTEMS, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [669 NYS2d 701] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 1997, which, *inter alia,* ruled that Transworld Systems, Inc. was liable for additional unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Transworld Systems, Inc. (hereinafter TSI) was engaged in the business of selling debt collection products and services. Claimant was a salesperson for TSI for approximately 14 years until she was terminated on October 5, 1994 for selling a competitor's product to one of TSI's prospective customers in violation of her sales agent agreement. Claimant applied for unemployment insurance benefits and, as is relevant here, the Unemployment Insurance Appeal Board ruled that claimant was an employee of TSI, that she was not an independent contractor, and that TSI was liable for additional unemployment insurance contributions based on remuneration paid to her and those similarly situated. TSI appeals.

Whether an employer-employee relationship exists depends on the employer's "control over the results produced by work and the means used to achieve those results" (*Matter of Salamanca Nursing Home [Roberts],* 68 NY2d 901, 902-903); notably, "control over the means is the more important factor to be considered" (*Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725, 726). "[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (*id.,* at 726). In finding that claimant was an employee within the meaning of the Labor Law, the Board emphasized the fact that, prior to 1993, claimant received training under the stewardship of a person who ran TSI's district office; after said district manager was terminated in 1993, claimant received a commission based on a structure set by TSI, she used business cards with TSI's logo and sales materials with TSI's letterhead, she worked within a

designated sales territory and she was prohibited from selling competitor's products to prospective clients of TSI. Even taking these factors into consideration, we nevertheless conclude that, based on the entire record, the Board's decision must be reversed.

The record unrefutably establishes that in 1993, claimant's prior relationship with TSI changed after the district manager under whom she worked was terminated. At that point, claimant entered into a new sales agent agreement directly with TSI. The agreement set forth that claimant was to receive payment on a commission basis; claimant testified, however, that she negotiated the commission which was greater than that originally offered by TSI. TSI did not set claimant's schedule or hours or require her to attend sales meetings. There is no evidence that TSI provided claimant with training, instruction or supervision after 1993. TSI did not furnish claimant with sales leads, nor did it give claimant benefits, reimburse her for expenses or provide her with a work place, a telephone or office supplies. Although the Board relied on the fact that claimant used sales materials with TSI's letterhead, claimant testified that she paid for these materials. Claimant was responsible for collecting payments from customers and submitting them to TSI. Claimant also bore the risk of nonpaying customers. Significantly, there is no evidence that claimant was directed or controlled in the method of selling TSI's products and, while the sales agent agreement forbid her from selling anything but TSI's products to prospective customers of TSI, she was not otherwise prohibited from selling, and did sell, competitors' products.

Based on the foregoing, we do not find substantial evidence to support the Board's decision that TSI exercised the degree of control over the means or the results which is necessary to make claimant an employee within the meaning of the Labor Law (*see, e.g., Matter of Ted Is Back Corp. [Roberts], supra*; *Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895; *Matter of Monti Moving & Stor. [Sweeney]*, 241 AD2d 734; *Matter of Interglobal Travel Serv. [Hartnett]*, 156 AD2d 849) and, accordingly, reverse.

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

■ Richard Malik et al., Individually and as Parents and Guardians of Jason Malik, an Infant, et al., Respondents, v