■ In the Matter of the Claim of ELIAHOU PALDIEL, Respondent. ARDOR REALTY CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [731 NYS2d 915] —Carpinello, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 14, 2000, which ruled that Ardor Realty Corporation was liable for additional unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Claimant was one of several licensed real estate salespersons working out of the office of Ardor Realty Corporation, a real estate brokerage company specializing in apartment rentals. The record demonstrated that Ardor directed claimant's work activities in a number of ways. When claimant began working at Ardor, he was provided with an assigned desk and with training by a more experienced employee. He was required to attend daily morning meetings presided over by Ardor's president and he was further required to abide by a code of conduct entitled "Ardor House Rules" that was posted on the office wall. Contained in the rules were prohibitions against office conduct that included screaming, playing and wearing jeans or sneakers. Days off had to be approved in advance and client information was required to be taken down in detail on specific forms provided by Ardor. Client assignments were given to individual salespersons based on a rotating system designed by Ardor.

A review of the record herein provides that Ardor exercised sufficient direction and control over claimant to constitute substantial evidence of an employment relationship (*see, Matter of Atac [Fashion Realty Group—Commissioner of Labor]*, 265 AD2d 777; *Matter of Loughran [Foley Nursing Agency—Commissioner of Labor]*, 258 AD2d 857, *lv dismissed* 93 NY2d 957; *Matter of Feldstein [Feathered Nest—Commissioner of*

*Labor]*, 253 AD2d 992). The fact that certain evidence presented by Ardor was at variance with that presented by claimant gave rise to an issue of credibility which was within the province of the Board to resolve (*see, Matter of Nanwani [Greer Real Estate—Hudacs]*, 193 AD2d 1023).

Crew III, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.