*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                518889
_____

In the Matter of KAREN L.
    SPIELBERGER,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.

(And Another Related Claim.)
_____

Calendar Date:  September 16, 2014

Before:  Stein, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

        Karen L. Spielberger, New York City, appellant pro se.

_____

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed October 18, 2013, which, among other things,
ruled that Optimal Spaces, Inc. was not liable for additional
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

        Claimant is a licensed real estate broker who performed
services for Optimal Spaces, Inc., a commercial real estate firm
specializing in leasehold rentals.  After claimant stopped
working for Optimal, she applied for unemployment insurance
benefits.  The Unemployment Insurance Appeal Board ruled that
claimant was not entitled to receive benefits because Optimal was
not her employer and that, consequently, Optimal was not liable
for unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.  Claimant now appeals.

        It is well settled that the existence of an employment
relationship is a factual issue for the Board to decide and its

determination will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Cohen [Just Energy Marketing Corp.– Commissioner of Labor], 117 AD3d 1112, 1112 [2014], lv dismissed 24 NY3d 928 [2014]).  The pertinent inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being more important (see Matter of Empire State Towing & Recovery Assn. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Ted Is Back Corp. [Roberts], 64 NY2d  725, 726 [1984]; Matter of 12 Cornelia St. [Ross], 56 NY2d 895, 897 [1982]).

Evidence was presented that claimant was paid a commission of 60% of the brokerage fee collected by Optimal, which she negotiated with Optimal's senior managing director.  Moreover, claimant did not have an established work schedule or work location, independently maintained her own real estate license, carried her own business cards and was permitted to and did receive commissions on referrals from other parties.  Notably, she was not required to report to anyone at Optimal nor was she required to accept leads that Optimal sent to her.  In view of the foregoing, while we are unable to conclude, as a matter of law that no employment relationship exists (see Labor Law § 511 [19]), substantial evidence supports the Board's finding that Optimal did not exercise sufficient control over claimant's work to be deemed her employer (see Matter of 12 Cornelia Street, Inc. [Ross], 56 NY2d at 897; Matter of John Lack Assocs. [Commissioner of Labor], 112 AD3d 1042, 1043-1044 [2013]; Matter of Holleran [Jez Enters., Inc.–Commissioner of Labor], 98 AD3d 757, 758-759 [2012]; see also Matter of William B. Trilling Assocs. [Roberts], 94 AD2d 919, 920 [1983]; Matter of McCabe & Willig Realty, Inc. [Ross], 80 AD2d 935, 936 [1981]; compare Matter of Paldiel [Ardor Realty Corp.–Commissioner of Labor], 288 AD2d 522, 522 [2001]; Matter of Atac [Fashion Realty Group–Commissioner of Labor], 265 AD2d 777, 777 [1997]).  To the extent that claimant's testimony contradicted that of her employer, this was a credibility question for the Board to resolve (see Matter of Paldiel [Ardor Realty Corp.–Commissioner of Labor], 288 AD2d at 523; Matter of Nanwani [Greer Real Estate–Hudacs], 193 AD2d 1023, 1024 [1994]).  Accordingly, we find no reason to disturb its decisions finding that claimant was not entitled to receive benefits and that

Optimal was not liable for additional unemployment contributions.

Stein, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court