■ In the Matter of PROFESSIONAL NEWSPAPER SERVICE, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding that appellant was subject to the Unemployment Insurance Law as a covered employer, effective January 1, 1971, and assessing appellant for additional unemployment insurance contributions in the amount of $1,079.89. The appellant is engaged primarily as a newspaper delivery service at a large apartment complex in The Bronx in New York City. It maintains an office and warehouse at the apartment complex. It engaged persons to deliver newspapers to appellant's customers. The deliverymen are required to pick up and deliver the papers between 2:30 A.M. and 6:00 A.M. The customers pay appellant directly monthly. Appellant pays the deliverymen weekly on the basis of the newspapers delivered. On this appeal appellant claims the board erred (1) in finding that the relationship between appellant and the deliverymen was that of employer-employee and that (2) in failing to dismiss respondent's case at the close of respondent's evidence. We disagree. As there is substantial evidence to support the board's finding that appellant was an employer of the deliverymen within the meaning of the Labor Law, the decision should be affirmed. The question of whether or not the deliverymen were appellant's employees or independent contractors was a question of fact and when the board's findings, as here, are supported by substantial evidence, the board's decision cannot be disturbed *(Matter of Electrolux Corp.,* 288 NY 440). Appellant's president testified that its deliverymen were employees prior to August or September of 1972 when appellant made the current arrangement gradually starting around September, 1972. From the evidence of the present arrangement with the deliverymen either of two conflicting inferences might be drawn, and the duty to weigh the evidence and to make the choice rested solely upon the board *(Matter of Electrolux Corp., supra,* p 443). Decision affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Reynolds, JJ., concur.