In the Matter of the Claim of RUDY WATZ, Appellant. EQUITA-
BLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Ap-
pellant. PHILIP ROSS, as Industrial Commissioner, Respon-
dent.

Third Department, December 29, 1977

**APPEARANCES OF COUNSEL**

*Rudy Watz,* appellant *pro se.*

*MacNeil Mitchell* for Equitable Life Assurance Society of the United States, appellant.

*Louis J. Lefkowitz, Attorney-General (Frederick M. Paola, Samuel A. Hirschowitz* and *Murray Sylvester* of counsel), for respondent.

### OPINION OF THE COURT

Main, J.

These are appeals from a decision of the Unemployment Insurance Appeal Board, filed July 16, 1976, which held that claimant was an employee and not an independent contractor, that he was ineligible to receive benefits effective December 2, 1974 because he was not totally unemployed, that he had received an overpayment of $1,211.25 in benefits ruled to be recoverable and that he willfully made false statements to obtain benefits by reason of which a forfeiture of 108 effective days was imposed as a penalty in reduction of his future benefits rights.

Claimant initially became associated with the Equitable Life Assurance Society of the United States (Equitable) on May 1, 1970 when he entered its training program. On May 1, 1973 he became, pursuant to contract, what was termed by Equitable a 10th Edition Agent and operated under this contract until January 1, 1974 when he became a 14th Edition Agent under the terms of a new contract. He performed as a 14th Edition Agent until he was terminated by Equitable on December 1, 1974.

As a result of his termination, he filed for unemployment benefits and was initially found to be eligible. However, after the filing of objections by the employer, a hearing was conducted, and the referee modified the initial determination and held that claimant was an independent contractor from May 1, 1973 when he became a 10th Edition Agent until the time of his termination. In turn, the board modified the referee's determination by holding that claimant was an employee at all stages of his relationship with Equitable and, in so ruling, it found the record to be barren of any evidence of any substantial changes in the methods of claimant's performance of his work from the time of his first association with Equitable until his final separation. Insofar as it relates to the period from January 1, 1974 through December 1, 1974,

this finding of the board is unsupported by substantial evidence in our opinion, and, accordingly, it cannot be sustained.

In reaching this conclusion, we are not unmindful of the limited scope of our review of board decisions *(Matter of Morton [Miller]*, 284 NY 167) or of the course to follow as we previously have charted: "A universally applicable test to determine the existence of an employer-employee relationship in a given case is not readily available * * *. At best it would appear that a number of criteria are thus relevant and must be balanced against each other with no single factor alone being determinative * * *. Each case, therefore, must be decided on its own particular facts." *(Matter of Smith [Catherwood]*, 26 AD2d 459, 460-461.) Similarly, we recognize that claimant did have the use of cards and some literature of Equitable, that he was able to avail himself of limited telephone privileges and was bonded by Equitable* and that he was a member of an Equitable agents' pension plan, although not its employee pension plan. Nonetheless, all of these factors, taken together, do not convince us that an employer-employee relationship existed in this instance *(Matter of Willis & Co. [Levine]*, 37 AD2d 869).

■ ■ Although the presence of such a relationship is not determined by any single circumstance and all must be weighed, a particularly significant factor to be considered is control, and a resolution of the issue requires an analysis of the employer's right to exercise control over the alleged employee *(Matter of Niven Realty [Levine]*, 43 AD2d 1002). Here, the record reveals that, as a 14th Edition Agent, claimant established his own schedule and hours, was not required to attend meetings or to follow leads and had no drawing account, that previous territorial restrictions imposed upon him by Equitable were eliminated, and that the only withholding against his commissions was that imposed by law (Federal Insurance Contribution Act [Social Security]). Income taxes were not withheld from his earning, and for the year in question claimant indicated on his income tax return that he was self-employed. Most significantly, claimant was entitled to and did become licensed for some 14 companies competing

---

* While there was testimony to the effect that claimant was bonded at company expense, the 14th Edition Agent contract provided in section XII that the agent agrees to furnish, on request, a bond of indemnity satisfactory to Equitable, and maintain the same in force, in such an amount and with such sureties as the Equitable may require.

with Equitable and sold their policies to his customers when it appeared to be in their best interest. Moreover, while it is not itself determinative, that claimant's contract as a 14th Edition Agent provided that he was an independent contractor is another factor to be considered (see *Matter of Lloyd v Sans Souci Realty Corp.,* 32 AD2d 602). In sum, under all of these circumstances, we hold that there is an absence of substantial evidence to support the finding of an employer-employee relationship and that any fair and reasonable consideration of the evidence leads inexorably to the conclusion that the subject relationship was grounded upon independence rather than servitude.

As for claimant's appeal from that part of the board's decision finding that he was not totally unemployed and that he made willful misrepresentations in order to obtain benefits, we find that it is totally without merit.

The decision should be modified, by reversing so much thereof as found claimant to be an employee during the period from January 1, 1974 through December 1, 1974, and, as so modified, affirmed, without costs.

KANE, J. P., MAHONEY, LARKIN and MIKOLL, J., concur.

Decision modified, by reversing so much thereof as found claimant to be an employee during the period from January 1, 1974 though December 1, 1974, and, as so modified, affirmed, without costs.