■ In the Matter of SIROTKIN TRAVEL, LTD., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 28, 1977, which assessed appellant the sum of $2,800.29 as additional contributions due for the audit period from January 1, 1972 through June 30, 1975. Appellant operates a travel agency and utilizes salaried and commissioned only salesmen in its business. The issue on this appeal concerns the status of the salesmen on commission. The respondent concluded that these salesmen were employees rather than independent contractors and assessed appellant for additional contributions. This appeal ensued. In determining the existence of an employer-employee relationship, each case must be decided on its own facts, no single factor alone being determinative *(Matter of Schlicker [Blake & Sons—Ross],* 55 AD2d 789; *Matter of Smith [Catherwood],* 26 AD2d 459). The board found that these salesmen used a validation machine at appellant's office in order to validate tickets; that trips were arranged in the name of the agency; that payment in full for any trip was required by appellant prior to appellant's payment to an airline or hotel; that the salesmen were able to use desk space and the telephone at appellant's office and also had the use of appellant's literature and cards. The board also found it persuasive that appellant would discontinue its relationship with any salesman producing less than $25,000 per year in travel business. Taking these factors into account, we are nevertheless of the opinion that, considering the entire record, the board's decision must be set aside. The salesmen on commission were allowed to establish their own schedule and hours. They were not required to attend meetings by appellant or follow leads given them by appellant. No remuneration other than a 50% commission was paid by appellant and the salesmen were free to deal with any other travel agency. The majority of work was done by these salesmen in their homes. The fact that they used the appellant's validation machine to validate tickets is not of critical importance due to the fact that these salesmen were not qualified to possess their own validation machines. There was no evidence that the salesmen were supervised or directed as to their methods of sale. The president of appellant testified that no deductions for Social Security, nor for Federal or State income taxes were taken from the commissions paid these salesmen. Based upon all of the evidence adduced, we conclude that there is an absence of substantial evidence to support the board's determination and that appellant did not exercise that degree of control as to make the commissioned salesmen employees *(Matter of New York Life Ins. Co. [Ross],* 63 AD2d 1095; *Matter of Watz [Equitable Life Assur. Soc. of U. S.—Ross],* 60 AD2d 259; *Matter of Barrett [Strovroff & Herman—Ross],* 56 AD2d 688; *Matter of Niven Realty [Levine],* 43 AD2d 1002). The decision of the board, therefore, must be reversed. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.