■ In the Matter of NEW YORK LIFE INSURANCE Co., Appellant. PHILIP

Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 7, 1977. We are concerned on this appeal with whether there is substantial evidence to sustain the board's determination that certain underwriters under contract to appellant New York Life were employees. Initially, we reject respondent's contention that pursuant to section 620 (subd 1, par [b]) of the Labor Law appellant is precluded from litigating the issue due to the fact that one Salzman, while an underwriter of appellant, was determined by the board to be an employee and no appeal was taken therefrom. An examination of the instant record clearly demonstrates that in spite of section 620 of the Labor Law the board permitted appellant to relitigate the issue and made a new factual determination based on the newly adduced evidence. The board, therefore, is estopped from now asserting that appellant was barred from relitigating the issue. While each case must be decided on its own particular facts *(Matter of Smith [Catherwood]*, 26 AD2d 459, 460-461), we are to reverse based on our recent decision in *Matter of Watz (Equitable Life Assur. Soc. of U. S.—Ross)* (60 AD2d 259). The evidence established that the instant underwriters, as in *Watz*, established their own schedule and hours; were not required to attend meetings or follow leads given by respondent; were not restricted territorially; that only Social Security, as required by Federal law, was withheld from their commissions; that no income taxes were withheld; that they were entitled to, and did, sell for other companies competing with appellant; and that in their contracts with appellant they were designated independent contractors. Although the underwriters were required to receive three years of training by appellant and were required to follow the rules and regulations of appellant's handbook, these facts, together with the fact that the underwriters were required to produce a certain amount of business each year and were supplied certain life insurance benefits are insufficient, in our view, to overcome the afore-mentioned facts which evince an independent contractor relationship. Considering the record in its entirety, we are of the opinion that the underwriters are independent contractors *(Matter of Sirotkin Travel [Ross]*, 63 AD2d 1095; *Matter of Willis & Co. [Levine]*, 37 AD2d 869). Decision modified, by reversing so much thereof as found an employer-employee relationship between New York Life Insurance Company and its field underwriters, matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.