■ In the Matter of the Claim of WILLIAM H. KAISER, Respondent. WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, Appellant; PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 8, 1978, which determined that the employer was liable for additional contributions on the remuneration paid to its field representatives and area managers effective the fourth quarter of 1976, and holding that its area managers and field representatives were employees and not independent contractors. Appellant, a fraternal organization, utilizes full-time commissioned salesmen to recruit members in the society and sell life insurance to the members. The salesmen were termed area managers or field representatives and their services are obtained pursuant to contracts which provide that nothing contained in the contract "shall be construed to create a relationship of employer and employee between the Society". The evidence establishes that the area managers and field representatives established their own schedule, hours and vacations; that sales meetings were scheduled, but that there was no compulsion to attend; that leads were provided, but there was no compulsion to follow up other than the fact that leads would not be provided to an individual who failed to follow up; that they were not restricted territorially; no income taxes were withheld from their commissions and only Social Security was withheld from their commissions. They operated out of their own home and were not reimbursed for telephone, automobile or other transportation expenses. They were required to produce a certain amount of business each year and were required to follow appellant's rules and regulations, and use appellant's forms to comply with the Insurance Law. Group medical and health coverage was available to them. In *Matter of New York Life Ins. Co. (Ross)* (63 AD2d 1095), these factors were found not to constitute substantial evidence of an employer-employee relationship. Similar determinations were made in *Matter of Sirotkin Travel (Ross)* (63 AD2d 1095) and *Matter of Watz (Equitable Life Assur. Soc. of U. S.—Ross)* (60 AD2d 259). Considering the record in its entirety, we are of the opinion that claimant was an independent contractor. In view of our determination to reverse the decision holding that an employer-employee relationship existed, we do not meet the issue of whether the failure of the Administrative Law Judge to compel the attendance of the claimant for cross-examination was in error. Decision reversed, with costs to the employer against the Industrial Commissioner, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Staley, Jr., and Casey, JJ., concur.

Kane and Mikoll, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). While no single factor is determinative of the issue in a case of this nature *(Matter of Smith [Catherwood]*, 26 AD2d 459, 460-461), the degree of control exercised or possessed by the supposed employer is of critical importance. Here, the contracts of appellant's salesmen specifically barred them from making sales on behalf of any other company, whereas in each of the authorities relied upon by the majority the individuals were free to engage in gainful activities with related or competing firms. In our view, this limitation, together with the

other circumstances tending to support the finding of an employment relationship, provides a substantial evidentiary basis for the board's decision and we would affirm it.