■ In the Matter of the Claim of JAMES McDONALD, Respondent. CHILI COIN CENTER, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 1979, which reopened a decision of the board filed June 1, 1978 and, upon reconsideration, adhered to its original decision ruling that claimant was an employee. Decision affirmed, without costs. No opinion. Mahoney, P. J., Greenblott, Sweeney and Casey, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). Claimant solicited orders for appellant's wholesale hobby supply business. An Administrative Law Judge determined that his services did not constitute "employment" within the meaning of section 511 (subd 1, par [b], cl [1]) of the Labor Law and, on an appeal taken by the respondent Industrial Commissioner, the board agreed. Nevertheless, it found that claimant was an employee under common-law principles and adhered to its decision after reconsidering the matter. I believe its conclusion lacks substantial evidentiary support. Although claimant was provided with samples and catalogs, wrote orders on appellant's forms, needed to obtain final approval for credit terms, and was not free to set prices, such practices are common to independent contractors as well as employees. In addition, it was uncontested that he was not reimbursed for any expenses; no deductions of any sort were withheld from his commissions; and no restrictions were placed on the territory of his operations. Claimant was assigned to solicit new business, but he was not required to follow any schedule or to report on the outcome of his contacts with those he chose to approach. Significantly, appellant neither gave claimant instructional training, nor directed the manner in which he was to promote its goods. Appellant did not exercise the degree of control necessary to establish an employment relationship and, therefore, the board's decision should be reversed (compare *Matter of New York Life Ins. Co. [Ross],* 63 AD2d 1095; *Matter of Sirotkin Travel [Ross],* 63 AD2d 1095; *Matter of Watz [Equitable Life Assur. Soc. of U. S.—Ross],* 60 AD2d 259, affd 46 NY2d 876; with *Matter of Rand Light. Corp. [Ross],* 69 AD2d 946). However, in the absence of a cross appeal by respondent, I have no reason to consider the propriety of the board's decision insofar as it held claimant was not an employee by statutory definition.