■ In the Matter of the Claim of RUSSELL BECKER, Respondent. JHIRMACK OF METROPOLITAN N. Y., INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 25, 1980, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner ruling the claimant eligible to receive benefits effective March 5, 1979, and establishing his benefit rate as $71 based in part on two weeks of employment and remuneration of $223.27 with the objecting employer, and the determination of the Industrial Commissioner assessing the employer the sum of $6,193.86 as additional contributions due from the employer for the audit period from January 1, 1976 through June 30, 1979. The file contains a notice on the letterhead of Jhirmack of Metropolitan N. Y. Inc., (the employer) of information to sales persons as to commissions indicating that after a four-week period they report to a representative of the employer for evaluation purposes and, if thereafter the said sales persons are allowed to continue, they sign "independent Contractor Agreements". The said agreement is contained in the record and could be found to be an employer-employee agreement. The employer testified that the agreement was never signed by any sales person. There is also, as part of the file, an exhibit showing the large number of items sold by the sales people and a summary of commissions earned by different sales people. In some instances, the said commissions amounted to over $15,000 a year. There was no testimony from any employee, but the employer was represented and gave testimony as to the manner and method of conducting its business. The employer, while recognizing that some of its people were employees, contends that the outside sales people were self-employed or independent contractors. The referee, after noting that hiring was done by newspaper advertising, stated: "He was assigned a specific territory and he could not leave it. He took orders in the field for the employer. He was expected to devote sufficient time to his activity with this organization so that his relationship would be profitable to the organization. The objecting employer had the right to discharge claimant if he did not meet a quota set by the objecting employer. He was expected to attend sales meetings on behalf of the employer. He was supplied with business cards and order blanks by the employer." He found that: "claimant is an employee within the meaning of the Unemployment Insurance Law. The objecting employer exercises sufficient control over claimant to show that there is an employer-employee relationship present within the meaning of the Law. The mere fact that the objecting employer calls claimant and other persons similarly situated independent contractors does not make them independent contractors within the meaning of the Law." If the court is satisfied that the board found sufficient nexus, then it must affirm. It is not a question of meeting all of the indices to establish such relationship as contended by the employer, but rather whether there is

substantial evidence to support what the board found. As was stated in *Matter of Smith (Catherwood)* (26 AD2d 459, 461): "At best it would appear that a number of criteria are thus relevant and must be balanced against each other with no single factor alone being determinative *(Matter of Chauffeurs Unlimited [Catherwood]*, 24 A D 2d 1044). Each case, therefore, must be decided on its own particular facts." This test has been constantly followed by the court. (See *Matter of Sirotkin Travel Ltd. [Ross]*, 63 AD2d 1095; *Matter of Bull [Ross]*, 71 AD2d 769, 770.) There is substantial evidence to meet the test. Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.