■ In the Matter of the Claim of DAVID L. WELLS, Respondent. UTICA OBSERVER-DISPATCH & UTICA DAILY PRESS, INC., Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 17, 1981, which reversed the decision of an Administrative Law Judge and sustained the initial determination of the Industrial Commissioner ruling claimant to be an employee of appellant and not an independent contractor. In May, 1980, claimant entered into a written agreement with the Utica Observer-Dispatch & Utica Daily Press, Inc., a Utica newspaper (hereinafter newspaper) to deliver certain bundles of newspapers to carriers and dealers according to a schedule furnished by the newspaper which indicated the name and address of the carrier or dealer and the number of papers each was to receive. Claimant was to be paid $15 for each delivery trip. He agreed to deliver the company's newspapers in his own vehicle to all points on the schedule at the scheduled times. Either the company or claimant had the right to end the contract on 15 days' notice or on such shorter notice as agreed upon. The contract also provided that the parties desired "to engage in the independent business of transporting the company's newspapers". Claimant was to make two delivery trips each week. He was to deliver the Sunday comic supplements by Saturday noon and the Sunday morning paper by 7:00 A.M. The comics could be picked up after noon on Wednesday while he was to pick up the Sunday morning paper at 4:15 A.M. The number of papers to be delivered to each location listed on the schedule would vary from week to week. However, he could make drop-offs in any sequence he chose. Although he could not change carriers he could consolidate, trade or add drop-off points and, moreover, claimant could have someone else make his deliveries for him or subcontract his route. He did not collect any money for the papers. Nothing was deducted from the amount he was paid each week. He was free to engage in other business activities, even for competitors of the newspaper. His sole responsibility was to see to it that the deliveries were completed by the times specified. He was not given any employment rules or regulations to follow. In determining whether an employer-employee or an independent contractor relationship exists, no single factor alone is conclusive and each case must be decided on its own peculiar facts (*Matter of Bull [Ross],* 71 AD2d 769). A particularly significant factor to be considered is the amount of control exercised over the individual (*Matter of Sirotkin Travel [Ross],* 63 AD2d 1095; *Matter of Watz [Equitable Life Assur. Soc. of U.S.—Ross],* 60

AD2d 259, 261, affd 46 NY2d 876; *Matter of New York & New Jersey Freightways* [*Ross*], 55 AD2d 989). Applying the case law to the facts of this case, we are of the opinion that the board's finding is supported by substantial evidence. Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.