■ In the Matter of MYRON GOLDSTEIN, R.P.T., P. C., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 1981, which reversed a decision of the administrative law judge and determined that the employer was liable for additional contributions on the remuneration paid to certain registered physical therapists during 1975 and 1976, and held that said registered physical therapists were employees. Decision affirmed, without costs. No opinion. Mahoney, P. J., Kane and Casey, JJ., concur.

Weiss and Levine, JJ., dissent and vote to reverse in the following memorandum by Levine, J. Levine, J. (dissenting). Recently, the Court of Appeals has reconfirmed that the central issue in determining the existence of an employer-employee relationship for unemployment insurance purposes is whether the alleged employer "exercises control over the results produced by [the alleged employees] or the means used to achieve the results" (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897). The record fails to reveal any substantial indicia of control in the instant case. Appellant is a registered physical therapist who, during 1975 and 1976, operated an office in Plainview, New York, as a professional corporation and one in Queens in an individual capacity. During those years, other registered physical therapists engaged in the practice of their profession partly in one or the other of appellant's offices. In determining that the therapists were employees, the board principally relied upon findings that (1) appellant billed patients and received payment for the services rendered by the therapists; (2) appellant's clerical employees assigned patients to the other therapists; (3) appellant paid the therapists a flat weekly rate for their services at his offices; and (4) appellant could terminate the relationship if he found any therapist engaging in unethical behavior. However, the uncontradicted evidence was that, for the convenience of patients referred to physical therapists by physicians, it was quite common for therapists to spend periods performing services not only at their own offices but also at the offices of other therapists at more proximate locations and,

during such periods, to treat any and all patients reporting to that office for treatment. Since under applicable regulations of the Commissioner of Education physical therapists are prohibited from splitting fees, in order to avoid cumbersome and complex accounting for hours worked, identification of patients, etc., it was also quite common for the therapist performing services away from his own office to receive a flat weekly rate from the office where the services were performed. Indeed, appellant himself had a similar arrangement for part-time physical therapy services on a flat-fee basis at a nearby hospital. The evidence was also uncontradicted that appellant did not supervise the work of the other therapists, nor did he review the charts of the patients they treated. The other therapists set their own hours and days at appellant's offices, dealt directly with all referring physicians, and treated their own patients there. They used their own equipment if appellant's equipment was inadequate or inappropriate for any course of prescribed treatment. A therapist could decline to treat a particular patient because of a personality conflict or other reason, and in that event, it was that therapist and not appellant who would notify the referring physician. As previously indicated, each of the therapists in question practiced partly at other locations than appellant's offices. In paying the flat fee, appellant did not deduct any amount for Social Security or other taxes. Nor was the fee linked in any way to the number of patients seen. In our view, in determining that such therapist was an employee, the board unduly relied upon the fact that a receptionist or secretary employed by appellant handed the referring file to the therapist who happened to have been present and available; in actual fact, no secretary or receptionist was employed at one of appellant's two offices for that purpose. Nor is it significant that appellant could have terminated his relationship with a particular therapist for unethical or unprofessional conduct, since this is equally consistent with the relationship of independent contractor as it is with that of employee (cf. *Matter of New York & New Jersey Freightways [Ross]*, 55 AD2d 989, 990). In sum, the evidence admits of no other inference than that, similarly to *Matter of Smith (Catherwood)* (26 AD2d 459), appellant contracted with the other therapists of equal skill and status for their professional services at his offices without reserving supervision, direction or any other elements of a normal employment relationship. Thus, on the uncontradicted facts concerning the characteristics of appellant's relationship with these therapists, it cannot be said that substantial evidence exists to support the finding of the appeal board that their relationship was one of employment (*Matter of 12 Cornelia St. [Ross], supra; Matter of Sirotkin Travel [Ross]*, 63 AD2d 1095; *Matter of Watz [Equitable Life Assur. Soc. of U. S. — Ross]*, 60 AD2d 259, affd 46 NY2d 876). Therefore, the board's decision should be reversed.