■ SOLOMON B. SHAPIRO, Respondent, v CONGREGATION B'NAI ABRAHAM OF EAST FLATBUSH, INC., et al., Appellants. — In a proceeding to vacate and set aside a confession of judgment in favor of plaintiff, defendants appeal from (1) an order of the Supreme Court, Queens County (Kassoff, J.), dated December 9, 1982, which denied their application and (2) an order of the same court, dated March 21, 1983, which denied their motion for reargument. ¶ Appeal from order dated March 21, 1983, dismissed, without costs or disbursements. No appeal lies from a motion denying reargument (*Dennis v Stout,* 24 AD2d 461). ¶ Order dated December 9, 1982, reversed, on the law, without costs or disbursements, and matter remitted to Special Term for a prompt hearing and determination not inconsistent herewith. The hearing shall be held with all convenient speed. ¶ Special Term erred in denying defendants' application to vacate the confession of judgment on the ground that defendants' arguments are barred under the doctrine of collateral estoppel. In order for the doctrine of collateral estoppel to be applied to preclude a party from litigating a particular issue, two conditions must be met, namely, (1) an identity of issue which has been necessarily decided in the prior proceeding and which is decisive of the action; and (2) a full and fair opportunity to contest the decision now said to be controlling (*Gilberg v Barbieri,* 53 NY2d 285, 291-292; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). The strict requirements of the collateral estoppel doctrine must be satisfied to insure that a party is not precluded from "obtaining at least one full hearing on his or her claim" (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). ¶ Upon our review of the record, we find that the question of whether the Queens County faction of the Congregation B'Nai Abraham of East Flatbush, Inc. (congregation) has legal authority and control over the assets and affairs of the congregation has never been fully litigated. Accordingly, this matter is remitted to Special Term for a full hearing and determination on this issue. At said hearing, defendants will be permitted to present evidence in support of their contention that the execution of the confession of judgment by the Queens County group of the congregation in favor of plaintiff is part of a fraudulent scheme to evade the legal requirements regarding the sale of real property owned by a religious corporation (Religious Corporations Law, § 12, subd 1; Not-For-Profit Corporation Law, § 511, subd [a]). Moreover, defendants will also have an opportunity to raise questions concerning the validity of the debts upon which the confession of judgment is based. Mollen, P. J., Gibbons, Bracken and Niehoff, JJ., concur.