■ In the Matter of MID-HUDSON PUBLICATIONS, INC., KINGSTON DAILY FREEMAN DIVISION, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 1985, which ruled that the employer was not liable for additional unemployment contributions on remuneration paid to claimant and other similarly situated persons.

Marilyn McCann (hereinafter claimant) entered into a contract with Mid-Hudson Publications, Inc., Kingston Daily Freeman Division (hereinafter publisher) whereby she was to deliver newspapers to the publisher's subscribers. The contract designated claimant as an independent contractor. However, when the contract terminated, the local unemployment insurance office ruled claimant eligible to receive unemployment insurance benefits on the ground that she was an employee. The publisher objected to that determination and a hearing was held before an Administrative Law Judge (ALJ). The initial determination was overruled on the ground that claimant and other similarly situated persons were independent contractors. The Unemployment Insurance Appeal Board affirmed the ALJ's determination, adopting his findings and opinion, and this appeal by the Commissioner of Labor ensued.

The Commissioner contends that this court's decision in *Matter of Van Vlierden (Mid-Hudson Pub.—Roberts)* (97 AD2d 910), which upheld the Board's determination that one of the publisher's newspaper carriers was an employee, precludes a finding that claimant was an independent contractor. Additionally, the Commissioner alleges that since the Board did not adhere to its prior precedent finding an employer-employee relationship under similar factual circumstances, the determination was arbitrary and capricious.

We are not persuaded by the Commissioner's contention that *Matter of Van Vlierden (Mid-Hudson Pub.—Roberts) (supra)* precludes a finding that claimant was an independent contractor. Collateral estoppel may not be applied in the absence of an identity of issues between the prior litigation and the instant case *(Shapiro v Congregation B'Nai Abraham,* 100 AD2d 847, *appeal dismissed* 63 NY2d 770). Although claimant and Van Vlierden were newspaper carriers for the publisher, they signed different carrier contracts at different points in time and were subject to different work conditions.

Thus, the issue of whether Van Vlierden was an employee of the publisher is distinct from the issue of whether claimant was an employee.

We are likewise unpersuaded by the Commissioner's contention that the Board's determination was arbitrary and capricious. Whether an employer-employee relationship exists presents a question of fact to be resolved by the Board upon all the evidence presented. Although no single factor is determinative, it must be found that the employer exercises control over either the results produced or the means used to achieve the results, and control over the means used is the more important factor *(Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521; *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726). If the Board's determination is supported by substantial evidence on the record as a whole, it is beyond judicial review, "even though the evidence would have supported a contrary conclusion" *(Matter of Field Delivery Serv. [Roberts]*, *supra*, p 521). However, a decision of the Board which neither adheres to its own precedent on essentially the same facts, nor indicates its reason for reaching a different result, is arbitrary and capricious *(supra, p 520)*. The Commissioner maintains that prior Board precedent determined that an employer-employee relationship existed on facts which are substantially similar to the facts presented here. We disagree. In *Matter of Van Vlierden (Mid-Hudson Pub.—Roberts) (supra), Matter of Di Martino (Buffalo Courier Express Co.—Ross)* (89 AD2d 829, affd 59 NY2d 638) and *Matter of Wells (Utica Observer-Dispatch & Utica Daily Press—Roberts)* (87 AD2d 960, *affd sub nom. Matter of Di Martino [Buffalo Courier Express Co.—Ross], supra)*, relied upon by the Commissioner, the claimant newspaper carriers were subject to specific employer control regarding the subscribers they delivered to, the territory in which they operated, their rates of remuneration and the time at which they were to deliver their papers. As noted by the Board, the facts in this case vary in several significant ways from those in the foregoing cases. Claimant was not bound by any time restrictions in delivering her papers, her remuneration was negotiable and customer complaints were referred directly to her. Additionally, claimant could add or delete customers without the publisher's prior approval and she was not subject to territorial limitations in doing so. These factors were considered decisive by the Board and have been found in other settings to indicate a lack of employer control, thereby supporting a finding of independent contractor status *(see, Matter of New York Life Ins. Co. [Ross],*

63 AD2d 1095; *Matter of Watz [Equitable Life Assur. Socy.—Ross]*, 60 AD2d 259, *affd* 46 NY2d 876).

Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.