■ In the Matter of the Claim of MARIANNE C. MARTIN, Respondent. TROY PUBLISHING COMPANY, INC., Doing Business as THE TIMES RECORD, Respondent; LILLIAN ROBERTS, as Commissioner of Labor, Appellant.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1985, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive benefits.

Troy Publishing Company, Inc. (Troy) publishes a daily newspaper, *The Times Record.* Claimant was employed by Troy to deliver bundles of newspapers to stores and newsstands along an established route. The Commissioner of Labor argues on this appeal that the Unemployment Insurance Appeal Board incorrectly determined that claimant was an independent contractor and not an employee of Troy. The Commissioner contends that the facts in the instant case are essentially the same as those in previous newspaper delivery cases where the Board found that an employee-employer relationship existed *(see, e.g., Matter of Di Martino [Buffalo Courier Express Co.—Ross],* 89 AD2d 829, *affd* 59 NY2d 638; *Matter of Wells [Utica Observer-Dispatch & Utica Daily Press —Roberts],* 87 AD2d 960, *affd* 59 NY2d 638; *Matter of Professional Newspaper Serv. [Ross],* 54 AD2d 1015) and that the Board's decision is therefore arbitrary and capricious *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516). The Commissioner also argues that since the conditions of employment are essentially the same as in the prior cases, the Board's ruling was in error as a matter of law *(see,* Labor Law § 620 [1] [b]).

We disagree. In her brief, the Commissioner does not argue that there is not substantial evidence in the record to support the determination reached by the Board, only that the facts in the instant case are essentially the same as those in prior judicial decisions, cited above, including the unreported case of *Matter of Troy Pub. Co. (Ross)* which was decided by this court on February 21, 1980. However, a review of the record reveals there are substantial factual differences in the cases, perhaps the most significant of which is the degree of control over the method of operation of the work. The decision of the Board should therefore be affirmed.

In the instant case, claimant was paid a flat rate, which was the result of negotiations, for a specified route that could not be substantially changed without claimant's consent. In the prior case involving the same employer, the claimant was paid by the mile, at a rate set unilaterally by the employer for all

delivery drivers, and was assigned a different route each week. More significantly, claimant could and did hire a substitute driver or a helper without the approval of the employer. Here, claimant had her husband deliver the bundles in her place at different times for substantial periods and actually hired a young person to help her pick up and drop off the bundles. Yet, Troy always paid her for the services under the existing contractual arrangement. It clearly appears that there was a significant difference in the degree of control exercised by Troy over claimant's performance of the work contracted for from that which existed in the prior cases. The case of *Matter of Field Delivery Serv. (Roberts) (supra)* therefore does not control the disposition of the instant appeal.

Decision affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.