■ In the Matter of the Claims of JAMES GRAY et al., Respondents. GLENS FALLS NEWSPAPERS, INC., Doing Business as POST STAR, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 11, 1986.

Glens Falls Newspapers, Inc. (hereinafter the publisher), publishes a daily newspaper, the Post Star. Claimant James Gray was hired by the publisher as a motor route carrier to deliver papers to individual customers, and bundles to retailers and another deliverer. Claimant Peter Watkins delivered bundles to other carriers and retailers. Both claimants signed "independent contractor" agreements. The delivery routes were established by the publisher with each carrier being assigned a specific territory. Gray purchased the papers wholesale from the publisher and billed the individual customers directly. The publisher suggested a rate, but Gray was free to and did, in fact, charge a higher rate. Watkins did not bill his customers, but was paid a flat rate of $13 per day by the publisher. Both claimants were given a specific pickup time, and delivery was to be completed within a specific time frame. Watkins was provided a computer printout for each day's delivery, but each claimant individually determined the logistics for delivery. Both claimants could provide their own substitutes and were not precluded from engaging in any other employment activities. The Unemployment Insurance Appeal Board determined that both claimants and others similarly situated were employees, not independent contractors, giving rise to this appeal by the publisher.

The publisher maintains that the Board's decision is not supported by substantial evidence, and points to various crite-

ria indicative of an independent contractor relationship. Whether the relationships of the motor route carriers and bundle haulers with the publisher is that of employees or independent contractors requires a factual inquiry into the degree of control exercised by the publisher over the results produced or the means used to achieve the results *(Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied,* — US —, 107 S Ct 2181; *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 521). If substantial evidence exists in the record as a whole supportive of the Board's determination, judicial review is concluded even where other evidence would warrant a contrary conclusion *(supra).* Considering the criteria described, we find sufficient indicia of control to support the Board's determination, which is consistent with previous cases of this nature *(see, Matter of Field Delivery Serv. [Roberts], supra; Matter of Di Martino [Buffalo Courier Express Co.—Ross],* 89 AD2d 829, *affd* 59 NY2d 638; *Matter of Wells [Utica Observer-Dispatch & Utica Daily Press—Roberts],* 87 AD2d 960, *affd* 59 NY2d 638; *Matter of Professional Newspaper Serv. [Ross],* 54 AD2d 1015; *see also, Matter of Martin [Troy Publ. Co.—Roberts],* 70 NY2d 679, *revg* 122 AD2d 360).

The Board's further determination, that Gray had good cause for terminating his employment when the publisher unilaterally implemented a price increase despite a prior practice of negotiating such changes, is also supported by substantial evidence. Accordingly, the decision should be affirmed in its entirety.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.