■ RICHARD S. DAVIDSON, Respondent, v AMERICAN BIO MEDICA CORPORATION, Appellant. [749 NYS2d 98] —In an action, inter alia, for a judgment declaring that the plaintiff is the record owner of 1,155,601 shares of common stock of the defendant, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 25, 2001, as denied that branch of its motion which was for summary judgment dismissing the first and second causes of action in the complaint as barred by the doctrine of collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the first and second causes of action in the complaint, the plaintiff seeks a judgment declaring that he is the record owner of 1,155,601 shares of common stock of the defendant, American Bio Medica Corporation (hereinafter ABM), pursuant to a stock exchange agreement, and to recover the value of those shares. ABM moved, inter alia, to dismiss those causes of action as barred by the doctrine of collateral estoppel. ABM contended that the determination in a prior action in Maryland that it was not obligated to issue shares to Robert Friedenberg, one of the other parties to the stock exchange agreement, barred the plaintiff's claim. The plaintiff was not a party to the Maryland action.

The equitable doctrine of collateral estoppel precludes a party from relitigating in a subsequent action an issue raised in a prior action and decided against that party or those in privity (*see Ryan v New York Tel. Co.,* 62 NY2d 494, 500). For collateral estoppel to apply, "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling * * * The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party" (*Buechel v Bain,* 97 NY2d 295, 303-304, *cert denied* 535 US—, 122 S Ct 2293).

ABM failed to meet its burden of demonstrating that the

decisive issue of the plaintiff's rights under the stock exchange agreement was necessarily decided in the Maryland action. The plaintiff offered evidence that his rights under the agreement were based on certain services he provided to ABM, while the Maryland action involved, inter alia, ABM's obligation under the agreement in light of Friedenberg's failure to comply with a separate drug abuse technology license agreement. Moreover, ABM failed to establish that the plaintiff was in privity with any of the parties involved in the Maryland action (*see generally Buechel v Bain, supra* at 304-305). Accordingly, the Supreme Court properly denied that branch of ABM's motion which was to dismiss the plaintiff's first and second causes of action based on the doctrine of collateral estoppel. Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.