■ PATRICIA BAFFI, Respondent, v WILLIAM R. BAFFI, Appellant. GASSMAN & KEIDEL, P.C., Nonparty Respondent. [807 NYS2d 388]—

In a matrimonial action in which the parties were divorced by judgment entered November 29, 2001, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated April 5, 2004, as, after a hearing, granted his motion to vacate his maintenance and child support obligations only to the extent of reducing his monthly child support obligation from the sum of $2,811.19 to the sum of $2,250, (2) from an order of the same court dated August 4, 2004, which granted the plaintiff's cross motion for an award of an attorney's fee, and (3) from a judgment of the same court entered September 21, 2004, which is in favor of Gassman & Keidel, P.C., and against him in the principal sum of $20,000.

Ordered that the order dated April 5, 2004, is modified, on the law, by deleting the provision thereof reducing the defendant's monthly child support obligation to the sum of $2,250; as

so modified, the order dated April 5, 2004, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the defendant's monthly child support obligation in accordance with Domestic Relations Law § 240 (1-b) and in accordance herewith; and it is further,

Ordered that the appeal from the order dated August 4, 2004, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated August 4, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated August 4, 2004, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Subsequent to the judgment of divorce, the defendant lost his job as a senior executive with Paramount Pictures through no fault of his own. Loss of employment can constitute a change of circumstances warranting a downward modification of support obligations where a parent has diligently sought reemployment commensurate with his or her qualifications and experience (*see Matter of Davis v Davis,* 13 AD3d 623, 624 [2004]; *Matter of Madura v Nass,* 304 AD2d 579, 580 [2003]; *Matter of Musumeci v Musumeci,* 295 AD2d 516 [2002]). Contrary to the defendant's contention, the hearing evidence supports the Supreme Court's determination that the defendant did not meet his burden warranting vacatur of his support obligations or a reduction beyond the extent ordered by the Supreme Court. The defendant established that the number of jobs in his field decreased dramatically due to a consolidation in the industry resulting from a change in governmental regulations. He took a low-paying job as manager of a flower shop conveniently provided to him by a wealthy relative, a job in which he had no prior experience or apparent interest. Although better than no job, the defendant did not view his new position as temporary and did not keep up his efforts to find a position commensurate with his qualifications and experience. Under these circumstances, it was proper for the Supreme Court to impute income to the defendant based on his prior earnings history and based on the value of the rent-free home provided for him by the same relative (*see Matter of Madura v Nass, supra*; *Bittner v Bittner,* 296 AD2d 516 [2002]; *Mellen v Mellen,* 260 AD2d 609, 610 [1999]; *Matter of Collins v Collins,* 241 AD2d 725, 727 [1997]).

However, in calculating the defendant's child support obligation, which the Supreme Court, in the exercise of its discretion, determined should be based on an annual income of $150,000, representing a reduction from a level previously set at $250,000, the court misapplied the guidelines under the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]) by failing to compute the defendant's pro rata share in accordance with the statutory formulation (*see* Domestic Relations Law § 240 [1-b] [c] [1]-[3]). The Supreme Court further erred in failing to take into account the plaintiff's increased earnings at the time of the hearing (*see Pollack v Pollack,* 3 AD3d 482, 483 [2004]; *see also Matter of Love v Love,* 303 AD2d 756, 757 [2003]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of the defendant's monthly child support obligation using the correct statutory formulation and taking into account the plaintiff's increased earnings.

The defendant's remaining contentions are without merit. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.