■ SUSANNE HERLITZ-FERGUSON, Respondent, v MARK HERLITZ-FERGUSON, Appellant. [851 NYS2d 272]—

In a matrimonial action in which the parties were divorced by judgment dated July 1, 2003, the defendant former husband appeals from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered July 25, 2006, as amended by an order of the same court entered October 10, 2006, as, after a hearing, denied his motion for downward modification of his child support obligation under the parties' separation agreement dated December 6, 2001, which was incorporated but not merged in the judgment of divorce, and granted those branches of the plaintiff's cross motion which were for modification of certain of his obligations under the parties' separation agreement, and thereupon, (1) imputed $300,000 in annual income to

him, (2) directed him to pay child support in the sum of $7,735 per month, (3) directed him to pay 48% of statutory add-ons, and (4) directed him to pay 30% of private school tuition.

Ordered that the order, as amended, is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof directing the defendant to pay 48% of statutory add-ons and 30% of private school tuition; as so modified, the order, as amended, is affirmed insofar as appealed from, without costs or disbursements.

The defendant's contention that the Supreme Court improperly imputed income to him in determining his child support obligation is without merit. In determining a party's child support obligation, "a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Rocanello v Rocanello*, 254 AD2d 269, 269 [1998]; *see Matter of Westenberger v Westenberger*, 23 AD3d 571 [2005]; *Gezelter v Shoshani*, 283 AD2d 455, 456 [2001]). Here, the Supreme Court properly imputed an annual income of $300,000 to the defendant based on his own testimony and the evidence adduced at trial.

However, in light of the parties' clear intent in their separation agreement that the defendant would, upon finding employment, pay 31% of his income toward his child support obligations, and that the plaintiff would be solely responsible for paying for the children's extracurricular, health insurance, and medical expenses, the trial court improvidently exercised its discretion in directing the defendant to pay 48% of statutory add-ons. Further, under the circumstances, the trial court erred in directing the defendant to contribute 30% of the private school tuition and costs for the parties' two daughters (*see Frei v Pearson*, 244 AD2d 454, 456 [1997]; *Manno v Manno*, 224 AD2d 395, 398 [1996]).

The defendant's remaining contentions are without merit. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.