■ GENNADY GORELIK, Appellant, v ELENA GORELIK, Respondent. [895 NYS2d 717]—

In a matrimonial action in which the parties were divorced by judgment dated February 10, 1997, the plaintiff former husband appeals from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated July 14, 2008, as, upon denying his motion to reject the report of a judicial hearing officer of the same court (Gans, J.H.O.), dated December 10, 2007, recommending, inter alia, after a hearing, that his motion for downward modification of his child support obligation be granted only to the extent of reducing his monthly child support obligation to the sum of $1,125 per month, upon imputing annual income in the sum of $105,000 to him and capping combined parental income at $100,000, and upon granting that branch of the defendant's motion which was, in effect, to reject so much of the report as capped combined parental income at $100,000, and to use the total combined income of $180,232.50 to determine child support, only reduced his basic child support obligation to the sum of $460 per week, and awarded the defendant child support arrears in the sum of $97,344.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention that the Supreme Court improperly imputed income to him in determining his child support obligation is without merit. In determining a party's child support obligation, "a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Herlitz-Ferguson v Herlitz-Ferguson*, 48 AD3d 418, 419 [2008] [internal quotation marks omitted]; *see Morrissey v Morrissey*, 259 AD2d 472, 472-473 [1999]). The level of child support is determined by the parents' ability to provide for their children rather than their current economic situation (*see Matter of Zwick v Kulhan*, 226 AD2d 734 [1996]). Here, the Supreme Court properly imputed an annual income of $105,000 to the plaintiff based on his own testimony, and the evidence adduced at the hearing (*see Powers v Wilson*, 56 AD3d 639, 641 [2008]; *Baffi v Baffi*, 24 AD3d 578 [2005]).

Contrary to the plaintiff's contention, the Supreme Court correctly declined to give collateral estoppel effect to the finding made in a Bankruptcy Court order (entered in adversary proceedings between the parties) as to his financial circumstances, in the absence of an identity of issues actually litigated and decided between those proceedings and the within action (*see generally Davidson v American Bio Medica Corp.*, 299 AD2d 390 [2002]; *Shapiro v Congregation B'Nai Abraham of E. Flatbush*, 100 AD2d 847 [1984]).

The plaintiff's remaining contentions are either not preserved for appellate review or without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.