*1040 Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The Supreme Court’s determination to award custody of the two minor children to the father should not be disturbéd. “There is overwhelming authority that a child living in a home where there has been abuse between the adults becomes a secondary victim and is likely to suffer psychological injury. Moreover, that child learns a dangerous and morally depraved lesson that abusive behavior is not only acceptable, but may even be rewarded” (Matter of Wissink v Wissink, 301 AD2d 36, 40 [2002]). Here, the trial court, having the benefit of observing and listening to the witnesses firsthand, credited the father’s allegations of abuse by the mother and found that the mother’s denials thereof lacked veracity (see Matter of Moreno v Cruz, 24 AD3d 780 [2005]; see also Salvatore v Salvatore, 68 AD3d 966 [2009]; Matter of Lobo v Muttee, 196 AD2d 585 [1993]). The acts of domestic violence committed by the mother against the father demonstrate that the mother is ill-suited to provide the children with “moral and intellectual guidance” (Matter of DeJesus v Tinoco, 267 AD2d 308, 308 [1999]; see Matter of Wissink v Wissink, 301 AD2d at 40).
Contrary to the mother’s contention, the Supreme Court did not err in declining to award her maintenance. Although the mother argues that the Supreme Court’s decision failed to discuss the parties’ predivorce standard of living, under the circumstances of this case, such consideration is of little determinative value, especially in light of the fact that the parties only lived together for less than three years after their marriage in 1999 (cf. Heiny v Heiny, 74 AD3d 1284 [2010]). Moreover, considering the statutory factors set forth in Domestic Relations Law § 236 (B) (6) (a), and taking into account that the mother has the ability to be self-supporting and is not the custodial parent, the record supports the Supreme Court’s decision to deny an award of maintenance to the mother (see Bernholc v Bornstein, 72 AD3d 625 [2010]; Atkinson v Atkinson, 289 AD2d 907 [2001]; Graham v Graham, 175 AD2d 540 [1991]).
In determining child support, “a court need not rely upon the party’s own account of his or her finances, but may impute income based upon the party’s past income or demonstrated earning potential” (Herlitz-Ferguson v Herlitz-Ferguson, 48 AD3d 418, 419 [2008] [internal quotation marks omitted]). Here, the Supreme Court properly imputed income to both the father and the mother based upon the past income of the father and the earning potential and extrapolated past annual earn *1041 ings of the mother (see Spreitzer v Spreitzer, 40 AD3d 840 [2007]).
The mother’s arguments regarding equitable distribution are not properly before this Court. The issue of equitable distribution was resolved by stipulation of the parties entered into on July 27, 2007. At no time did the mother seek to vacate or otherwise modify that stipulation and, thus, she may not collaterally attack or otherwise alter the terms of the stipulation on this appeal (see Sweeney v Sweeney, 71 AD3d 989 [2010]).
The parties’ remaining contentions are without merit. Mastro, J.P., Santucci, Roman and Sgroi, JJ, concur.