*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                    518490
_____

In the Matter of the Claim of
    ALBERT J. LEWIS,
                    Respondent.

ABSOLUTE DISTRIBUTION, INC.,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Egan Jr. and Clark, JJ.

_____

        Ufberg & Associates, LLP, Scranton, Pennsylvania (Glenn E.
Plosa, of The Zinser Law Firm, PC, Nashville, Tennessee, pro hac
vice), for appellant.

        Francis J. Smith, Albany, for Albert J. Lewis, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____


        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed May 2, 2013, which denied Absolute
Distribution, Inc.'s application to reopen a prior decision.

        By decisions dated December 14, 2011, the Unemployment
Insurance Appeal Board ruled, among other things, that Absolute
Distribution Inc., an out-of-town-newspaper distributor,
exercised sufficient control over the delivery services of
claimant and those similarly situated to establish an employer-
employee relationship.  Within 30 days of the initial decisions,
Absolute Distribution made applications to reopen and reconsider

those decisions.  By decisions filed May 2, 2013, the Board denied the applications and this appeal ensued.

Initially, we note that Absolute Distribution challenges only the merits of the initial decisions, which are properly before this Court given the timely application for reopening and reconsideration (see Matter of Lambrecht [Commissioner of Labor], 102 AD3d 1050, 1051 [2013]).  Turning to the merits, substantial evidence supports the Board's initial decision finding an employer-employee relationship.  The record establishes that Absolute Distribution set and assigned the distribution outlets where the carriers were to deliver the papers.  The carriers could not refuse to deliver to those customers nor could they exchange customers with other carriers.  Absolute Distribution required the papers to be delivered by a specified time or the carrier risked being terminated.  Furthermore, the rate of remuneration was set by Absolute Distribution.  Although certain guidelines were adopted by the Department of Labor to assist in determining whether an employer-employee relationship exists with regard to newspaper carriers, no single factor is determinative.  Rather, where an employer exercises control over either the results produced or the means used to achieve the results, an employer-employee relationship exists (see Matter of Ted is Back Corp. [Roberts], 64 NY2d 725, 726 [1984]; Matter of Mid-Hudson Publ., Kingston Daily Freeman Div. [Roberts], 119 AD2d 959, 960 [1986], lv denied 68 NY2d 609 [1986]).  Because there is evidence in the record to support the Board's determination that Absolute Distribution exercise a sufficient indicia of control over the carriers work, that decision is beyond judicial review, "even though the evidence would have supported a contrary conclusion" (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 521 [1985]).

Lahtinen, J.P., Stein, McCarthy, Egan Jr. and Clark, JJ., concur.

-3-                           518490

ORDERED that the decisions are affirmed, without costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court