Garry, J.P.
Appeal from two decisions of the Unemployment Insurance Appeal Board, filed February 27, 2013, which ruled, among other things, that Speedy Media Associates, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Speedy Media Associates, LLC is in the business of ensuring delivery of newspapers, periodicals, magazines, beverages and other items on behalf of its clients, including one client who is in the business of delivering newspapers and other items. In addition to its regular employees, Speedy Media hired claimant and other carriers to deliver newspapers in the metropolitan New York City area for its clients pursuant to a standard written contract designating the carriers as independent contrac *1078 tors and establishing a pay rate based upon their routes. After claimant filed a claim for unemployment insurance benefits, the Department of Labor issued an initial determination finding that claimant was an employee and, thus, eligible to receive benefits, and that Speedy Media was responsible for additional unemployment insurance contributions based upon remuneration paid to claimant, and others similarly situated, since January 1, 2010. Combined hearings were held and, ultimately, the Unemployment Insurance Appeal Board affirmed that determination, prompting this appeal by Speedy Media.
We affirm. “Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the. . . [Bjoard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion” (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citations omitted]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). “An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results [although] control over the means is the more important factor to be considered” (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437 [internal quotation marks and citations omitted]; see Matter of McCollum [Fire Is. Union Free Sch. Dist.—Commissioner of Labor], 118 AD3d 1203, 1204 [2014]).
The record reflects that Speedy Media hired the carriers and required that they sign a standard contract, separated the newspapers at its client’s facility, established the delivery routes and showed new carriers their routes, and provided carriers with daily customer lists and address labels for their designated routes, although the carriers could set the sequence of their deliveries. The carriers picked up the newspapers at the client’s facility during set times, were required to place them in bags if provided by the publisher, and were required to make timely deliveries in their own vehicles by set times and to call Speedy Media on weekends when their deliveries were complete. Speedy Media paid the carriers a set rate per delivery, with a guaranteed daily minimum, by check every two weeks regardless of whether its clients had paid, required carriers to maintain minimum vehicle insurance and did not reimburse them for expenses, and offered an accident policy for *1079 which premiums were deducted from carrier paychecks. The carriers were allowed to use helpers and were expected to provide substitutes in their absence but, if they did not make their deliveries, Speedy Media assumed responsibility for the deliveries and did not pay the carriers, who risked termination. Speedy Media periodically checked the routes to verify proper delivery, allowed carriers to deliver products for others provided it did not interfere with their duties, but did not permit them to insert materials into clients’ newspapers. Customer complaints were made to Speedy Media or its clients, who communicated with carriers as needed.
The evidence provided ample support for the Board’s finding that Speedy Media exercised control over significant aspects of the carriers’ work and the means used to achieve timely and proper deliveries, and the Board’s determination that the carriers were its employees is consistent with prior cases involving essentially similar facts (see Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682 [1986], cert denied 481 US 1049 [1987]; Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 521 [1985]; Matter of Armison [Gannett Co., Inc.—Commissioner of Labor], 122 AD3d 1101, 1102-1103 [2014]; Matter of Lewis [Absolute Distrib., Inc.—Commissioner of Labor], 121 AD3d 1488, 1488-1489 [2014]; Matter of Gray [Glens Falls Newspapers—Roberts], 134 AD2d 791,791-792 [1987]; Matter of Wells [Utica Observer-Dispatch & Utica Daily Press—Roberts], 87 AD2d 960, 960-961 [1982], affd 59 NY2d 638 [1983]). Finally, “[a] different finding is not compelled by the existence of a written agreement that identifies claimant as an independent contractor” (Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor], 28 AD3d 1044, 1045 [2006], lv dismissed 7 NY3d 844 [2006]).
Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decisions are affirmed, without costs.